■ HARRIET S. JOSEPH et al., Respondents-Appellants, v PLANNING BOARD OF THE TOWN OF YORKTOWN, Appellant-Respondent

Assuming, arguendo, that the planning board had the authority to require, as a condition to approval of the subdivision plat designed in accordance with cluster development (Town Law § 281), the payment of a sum of money in lieu of the reservation of land suitable for recreational purposes *(see,* Town Law § 277), the planning board exercised that authority in an arbitrary and capricious manner. The fact that the petitioners were granted preliminary plat approval without requiring such a payment represents a determination by the planning board that the land the petitioners dedicated as parkland was suitably located for playground or other recreational purposes *(see,* Town Law § 277 [1]). Although the petitioners modified the plat before submitting it for final approval by moving a detention basin from the western edge of the parkland to the southeast corner of the parkland, the board failed to establish how that relocation rendered the parkland unsuitable for playground or other recreational purposes. Thus, the imposition of the condition requiring the petitioners to pay a recreation fee of $156,000 was arbitrary and capricious *(see, Matter of Sun Beach Real Estate Dev. Corp. v Anderson,* 98 AD2d 367, 373, *affd* 62 NY2d 965), and the judgment annulling that condition is hereby affirmed. Mangano, J. P., Thompson, Sullivan and Harwood, JJ., concur.