■ LONG CLOVE, LLC, Appellant, v TOWN OF WOODBURY, Respondent. [739 NYS2d 297] —In an action, inter alia, for a judgment declaring that certain provisions of the Town Code of the Town of Woodbury requiring the payment of parkland fees as a condition of approval of a subdivision are unconstitutional, the plaintiff appeals from so much of an order of the Supreme Court, Orange County (Owen, J.), dated December 20, 2000, as granted that branch of its motion which was for summary judgment declaring that the provisions requiring the payment of the parkland fees are unconstitutional only to the extent of remitting the issue of the propriety of the parkland fees imposed on its subdivision to the Town of Woodbury Planning Board for further proceedings in accordance with Town Law § 277. By order dated March 27, 2001, the appeal, which was purportedly taken as of right to the Court of Appeals (*see,* CPLR 5601 [b] [2]), was transferred to this Court (*see,* NY Const, art VI, § 5 [b]; *Long Clove v Town of Woodbury,* 96 NY2d 775).

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly remitted the issue of the propriety of the parkland fees, imposed on the plaintiff's subdivision as a condition of approval of the subdivision, to the Town of Woodbury Planning Board for further proceedings (*see, Matter of Bayswater Realty & Capital Corp. v Planning Bd. of Town of Lewisboro,* 76 NY2d 460, 470-471; *Matter of Sepco Ventures v Planning Bd. of Town of Woodbury,* 230 AD2d 913, 914; Town Law § 277 [4]).

In light of our determination, we need not reach the plaintiff's remaining contentions. S. Miller, J.P., Schmidt, Crane and Cozier, JJ., concur.