■ In the Matter of JAMES HUGHES et al., Respondents, et al., Intervenors, v JOHN J. DOHERTY, as Commissioner of the New York City Department of Sanitation, Appellant. [780 NYS2d 589]—

Judgment, Supreme Court, New York County (Faviola A. Soto, J.), entered April 25, 2003, which, insofar as appealed from, granted the CPLR article 78 petition to the extent of finding arbitrary and capricious respondent's failure to place the title of "oiler" in the line of promotion to the titles of "crane operator" and "tractor operator," and, pursuant to that finding, directed respondent, pursuant to Civil Service Law § 81 (1), to place petitioners, formerly employed as crane and tractor operators, on the preferred list for filling vacancies in "oiler" positions, and to place petitioners in such positions now held by provisional oilers, unanimously affirmed, without costs.

Supreme Court properly found that respondent acted arbitrarily and capriciously (see Matter of Pell v Board of Educ., 34 NY2d 222, 231-232 [1974]) in failing to place the title of "oiler" in the line of promotion to the titles of "tractor operator" and "crane operator." Although it was undisputed that the predecessor "oiler (portable)" title had previously been classified in the line of promotion to both the "crane operator" or "tractor operator" titles in the Department of Sanitation, respondent failed to articulate any substantive rationale for his decision to remove the unified "oiler" title from such line of promotion. Respondent merely asserted, in conclusory fashion, that some rationale for the change existed, and this was insufficient.

Respondent's argument that petitioners' challenge to the subject determination is barred by the four-month statute of limitations (CPLR 217) is unavailing. The record shows that respondent failed to raise the statute of limitations defense as an objection in point of law in the court below, either in the answer

to the petition or by motion to dismiss the petition (*see* CPLR 404 [a]; 7804 [f]; *cf. Rosenthal v City of New York*, 283 AD2d 156, 157 [2001], *lv dismissed* 97 NY2d 654 [2001]). Accordingly, the defense of statute of limitations was waived (*see* CPLR 3211 [a] [5]; [e]). Concur—Nardelli, J.P., Mazzarelli, Lerner and Friedman, JJ.