# STATE OF VERMONT

# ENVIRONMENTAL COURT

Appeal of The A. Johnson  }
Company                    }
                           }   Docket No. 220-12-03 Vtec
                           }
                           }

## Decision and Order on Pending Motions

Both Appellant-Applicant The A. Johnson Company, and Cross-Appellants Peter F. Langrock, Dawn Decker and Marlene Harrison, appealed from a decision of the Development Review Board (DRB) of the Town of Salisbury, granting Appellant-Applicant's conditional use application for a sand and gravel extraction operation. Appellant-Applicant appealed from Condition 13 of that decision, which imposed an impact fee as a condition of conditional use approval, and also raised an issue regarding the imposition of a $200 application fee. Cross-Appellants appealed from other aspects of the approval. Appellant-Applicant is represented by Karl W. Neuse, Esq.; Cross-Appellant Peter F. Langrock, Esq., an attorney, has entered an appearance representing himself; the other two Cross-Appellants and Interested Person David S. Benedict have entered appearances representing themselves; and the Town is represented by Donald R. Powers, Esq.

Appellant-Applicant moved in limine to exclude from the trial any evidence regarding the impact fee; in response, the Town moved for partial summary judgment on the question of whether the DRB has authority to impose an impact fee as a condition to Appellant-Applicant's approved conditional use application, and moved to remand if that issue were resolved against the Town.

The following facts are undisputed unless otherwise noted. Appellant-Applicant proposes to extract sand and gravel from a five-acre pit on a larger parcel on Upper Plains Road in the Low Density Residential zoning district, in which the use category of " surface mining, gravel extraction, [and] quarrying" is a conditional use. § 930(B) of the Zoning Regulations. Trucks would travel over the access roads to and from the pit in connection with the operation of the pit. Access to the pit from Route 7 is by Route 53 to Upper Plains Road south of the pit. It also may be reached via other roads to Upper Plains Road to the north of the pit.

In granting conditional use approval, the DRB imposed 15 conditions on the proposed sand and gravel extraction operation, including conditions regarding the roadways to be used for access to and from the pit, its days and hours of operation, lighting, and the use of exhaust brakes. To offset the town's expenses in repairing and maintaining the road expected to be used by truck traffic from the operation, in Condition 13 the DRB imposed what it characterized as an " impact fee" of twenty cents per cubic yard of sand and gravel removed from the pit, also requiring that the proceeds " are to be set aside in an account to be used only for the repair and maintenance of Route 53 from its junction with Route 7 to its junction with Upper Plains Road[,] and Upper Plains Road between the right of way [of the pit] and Route 53."

Inherent in the power to regulate land development, municipalities have the power to require developers to mitigate certain adverse impacts of their proposed projects. Such mitigation may be accomplished by requiring the dedication of property within the project to public use for a park or playground, or requiring the dedication of a road as a public street, or by requiring the acquisition of rights in land for offsite mitigation, e.g. for a project that will damage prime agricultural land or important wildlife habitat, or by requiring the payment of impact fees. Impact fees are appropriate for maintenance and repair of public improvements, such as roads, as well as to allocate the initial cost of capital construction. See, generally, Patrick J. Rohan, Zoning and Land Use Controls § § 9.03[1] and [4], and § 9.06[2] (Eric Damian Kelly ed., 2004); and see Bryant v. Town of Essex, 152 Vt. 29, 36-37 (1989).

However, as a matter of constitutional law, the fee or exaction must have an 'essential nexus' with the legitimate governmental interest in relieving the impact of the development, and the fee charged in a particular instance must be ' roughly proportional' to the impact of the development. These requirements have been developed by extension from two cases dealing with exactions requiring the dedication of some land interest to public use, rather than with impact fees per se: Nollan v. California Coastal Comm' n, 483 U.S. 825 (1987) and Dolan v. City of Tigard, 512 U.S. 374 (1994). Some states, such as Vermont, have enacted statutes that set out a process for the imposition of impact fees that ensures that both the 'essential nexus' and ' rough proportionality' standards are met. See, e.g., 24 V.S.A. § 5200 et seq..

It is necessary to distinguish, however, between a municipality's authority to impose such a fee on a case-by-case basis as a condition of issuance of a particular permit, under the general conditional use standards, as compared with a municipality's authority to adopt an ordinance establishing a fee schedule applicable to a whole class or type of projects.

In Vermont, prior to July 1, 2004, municipalities had authority either to impose an impact fee under the impact fee statute or, as was done in this case, to impose a fee or a charge as a condition of a conditional use permit under the authority of 24 V.S.A. § 4407(2).

For a municipality to act under the impact fee statute, 24 V.S.A. § 5200, et seq., the impact fee must be adopted as an ordinance applicable to some new development or class of developments. Herbert v. Town of Mendon, 159 Vt. 255 (1992). It must also be linked to the cost of a capital project, which under the definition in § 5201(2)(A) may include maintenance or rehabilitation of capital improvements as well as their initial construction. The impact fee statute is set up specifically to achieve the constitutional requirements of rational nexus and proportionality; that is, compliance with the statute should satisfy those constitutional requirements. In the present case, the Town does not claim to have acted under or complied with the impact fee statute. Rather, it relies for its authority on former 24 V.S.A. § 4407(2), which authorizes conditions to be imposed in conditional use approval.

Prior to July 1, 2004, imposing an impact fee as a condition of a specific permit on a case by case basis remained available to a municipality under 24 V.S.A. § 4407(2), but nevertheless also had to meet the same constitutional requirements of rational nexus and proportionality as under the impact fee statute. Compare, e.g., Twin Lakes Development Corp. v. Town of Monroe, 1 N.Y. 3d 98, 105, 801 N.E.2d 821, 825 (N.Y. Ct. of Appeals, 2003).

While it is apparent from the DRB decision in this case that the DRB wished to impose a fee to offset what it expected would be increased road maintenance costs for the trucks that would be using the sand and gravel pit, the decision does not adequately relate the fee charged to the anticipated additional maintenance costs. The DRB decision lacks any findings about the sizes, weights, or numbers of trucks using the specific roadways over any specific time period[1]; lacks any findings about the weight-per-cubic-yard of the material to be removed or of the additional wear to be expected on roadways related to any specific amount of added weight; lacks any findings about the costs of maintenance of those roadways with and without this added truck traffic; and lacks any conclusion allocating Appellant-Applicant's ' fair share' of these added costs as compared with the normal maintenance of these roads and their use by other users, so as to justify the rationality or proportionality of the twenty-cents-per-cubic-yard fee. Of course, as the matter is now before the Court de novo, it potentially would be within the scope of this appeal for the Court to take such evidence and to calculate an appropriate impact fee under former 24 V.S.A. § 4407(2). However, as discussed below, even this calculation would stray into areas of municipal policy and governance of its road maintenance responsibilities. These are not within the ambit of zoning and were not addressed before the DRB; it would not be good policy for the Court to do so in the first instance. In re Maple Tree Place, 156 Vt. 494, 500 (1991).

After the statutory changes effective on July 1, 2004, the authority of the DRB to impose an impact fee as a condition of a development permit is governed by amended 24 V.S.A. § 4464(b)(2). This section carries forward the former language of 24 V.S.A. § 4407(2) that the DRB, in ruling on an application in a particular case, may impose " reasonable conditions and safeguards as it deems necessary to implement the purposes of this chapter and the pertinent bylaws and the municipal plan in effect." However, with respect to imposing an impact fee in such a condition,§ 4464(b)(2) now specifically states that " [a] bylaw may provide for the conditioning of permit issuance on the submission of a bond, escrow account, or other surety . . . to assure . . . protection of public facilities that may be affected by a project." (Emphasis added.) Thus, if monetary mitigation is to be imposed as a condition of a permit under the zoning power, instead of through the separate impact fee statute, it must be provided for in a zoning bylaw. It may no longer merely be done on a case-by-case basis.

This new specific requirement is a remedial, procedural one, that does not affect the applicant's rights, privileges, obligations or liabilities. The conditional use approval at issue in this case was being considered prospectively by the DRB and hence by this Court. Like the statutory change in Myott v. Myott, 149 Vt. 573 (1988), this amendment works no fundamental change in the standards under which the permit is being considered. Rather, as in Myott, the new procedure " is a remedial one, which applies to pending litigation as it does not affect a pre-existing right, privilege, obligation or liability." Myott 149 Vt. at 576; and see Agency of Natural Resources v. Towns, 173 Vt. 552, 556 (2001)(mem.) As in Simonsen v. Town of Derry, 145 N.H. 382, 386-87 (2000), now that the zoning enabling statute specifically authorizes municipalities to impose impact fees as conditions of permit approval, by adopting a zoning bylaw providing for it, the specific statutory procedure must be followed. That is, the fee condition must be provided for in a zoning bylaw if it is to be imposed as a condition of conditional use approval.

Of course, a town may still impose impact fees for users of a capital improvement under the impact fee statute rather than under the zoning enabling statute, by adopting a separate bylaw

under 24 V.S.A. Chapter 131. But if a DRB now wishes to impose an impact fee as a condition of conditional use approval, as has been done in the present case, it may only be done by following the procedure in the current 24 V.S.A. § 4464(b)(2).

Accordingly, at the time it issued the decision on appeal in this case, the DRB could have properly imposed Condition 13 if it had adequately analyzed the additional projected road maintenance costs attributable to the annual operation of the pit, and if it had related those costs on a per-weight or other proportional basis to the material exiting the pit via those roads. However, it did not do so, and therefore summary judgment must be granted to Appellant-Applicant on the validity of Condition 13.

Nevertheless, we do not now proceed to consider the remainder of the permit absent Condition 13, or to take evidence on and recalculate the fee. Even absent the adoption of 24 V.S.A. § 4464(b)(2), it would have been inappropriate for the Court in the first instance to hear evidence on the additional projected road maintenance costs attributable to the annual operation of the pit and the relation of those costs on a per-weight or other proportional basis to the material exiting the pit via those roads, in order to develop an acceptable per-weight impact fee, In re Maple Tree Place, 156 Vt. 494, 500 (1991), and we would have remanded this matter to the DRB for it to do so, or to determine if it wished to take any additional evidence, or to act on the application without the vacated condition or to impose any additional conditions in lieu of the vacated condition. Now that 24 V.S.A. § 4464(b)(2) applies to an impact fee condition, it is even more appropriate to remand, as it is a matter of municipal legislative policy, and not for this Court, to determine whether the Town wishes to adopt a zoning bylaw[2] addressing impact fees for road maintenance for this gravel pit as now provided in § 4464(b)(2).

Accordingly, Condition 13 is hereby VACATED, and the application for conditional use approval is hereby REMANDED to the DRB for it to determine whether it wishes to take any additional evidence, or whether it wishes to act on the application (without the vacated condition) or to impose any additional conditions in lieu of the vacated condition, or for the Town to determine whether it wishes to adopt a zoning bylaw addressing impact fees for road maintenance for this gravel pit as now provided in § 4464(b)(2) or to adopt a separate impact fee bylaw under 24 V.S.A. Chapter 131.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's Motion for Partial Summary Judgment is DENIED, and summary judgment is GRANTED in part to Appellant-Applicant on the questions in its Statement of Questions relating to the validity of Condition 13. The Town's Motion for Remand is GRANTED. Due to the remand, Appellant-Applicant's Motion in Limine is denied as moot, without prejudice to its being raised in any future appeal.

We note that any future appeal from any further action on the application would be a separate appeal, having a separate docket number. The Court will consider any motion to waive the filing fee for such a subsequent appeal, as may be appropriate, at the time one is filed.

Done at Barre, Vermont, this 23rd day of December, 2004.

       _____
Merideth Wright
Environmental Judge


## Footnotes

1.    The applicant's proposal was attached as an exhibit and made a part of the introductory portion of the decision (as provided with Appellant-Applicant's Statement of Questions), but no findings were made as to this issue. The proposal stated that "[u]p to 20 trucks per day are proposed over a 200 to 250 day per year use period," with no indication of the weights of those trucks or of their loads, and no indication of whether the estimate is of loaded trucks or of truck trips (that is, ten trucks coming in empty and leaving fully loaded).

2.    We note that, under former 24 V.S.A. §4443(d), carried forward in current §4449(d), the DRB may apply a zoning bylaw amendment during the 150 days after the public notice has been issued for the amendment's first public hearing.