■ In the Matter of JOY BUILDERS, INC., et al., Appellants-Respondents, v TOWN OF CLARKSTOWN et al., Respondents-Appellants. [864 NYS2d 86]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Clarkstown dated September 6, 2006, which, inter alia, required the petitioners to pay a fee in lieu of parkland dedication as a condition of subdivision approval of a cluster residential development, the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Rockland County (Sherwood, J.), dated July 17, 2007, as partially denied the petition, and the Town of Clarkstown and the Planning Board of the Town of Clarkstown cross-appeal from the same judgment.

Ordered that the cross appeal by the Town of Clarkstown and the Planning Board of the Town of Clarkstown is dismissed as abandoned; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the Town of Clarkstown and the Planning Board of the Town of Clarkstown.

The petitioners are developers of land in the Town of Clarkstown who, in September 2005, received from the Planning Board of the Town of Clarkstown (hereafter the Planning Board) preliminary plat approval for a cluster development of 113 acres which included approximately 40 acres of open space. On September 6, 2006, the petitioners received final plat approval subject to conditions which included a $558,250 payment in lieu of parkland dedication (hereafter the fee) pursuant to Town Law § 277 (4). The petitioners commenced this proceeding challenging the Planning Board's determination imposing the fee upon them as being illegal, arbitrary, and capricious. The petitioners raised five "causes of action" in their petition. All, except the fourth "cause of action," are at issue on this appeal.

Contrary to the petitioners' contention, the Supreme Court properly rejected their claim raised in the first "cause of action" that the Board's determination to impose the recreational fee was arbitrary and capricious because it was made at the time of final plat approval, when it had already granted preliminary plat approval without making any findings of recreational need. Nothing in either Town Law §§ 276 or 277 circumscribed the Planning Board's authority to impose the fee as a condition of final subdivision approval where it had already granted preliminary subdivision approval without finding of recreational need. Further, under the circumstances of this case, the petitioners were aware of the Planning Board's procedure of making recreational need finding and recreational fee determinations where, as here, the petitioners sought a waiver of the fee after receiving preliminary subdivision approval. Accordingly, the Supreme Court properly rejected the relief sought in the first "cause of action" (see generally Matter of Bayswater Realty & Capital Corp. v Planning Bd. of Town of Lewisboro, 76 NY2d 460 [1990]; Matter of Davies Farm, LLC v Planning Bd. of Town of Clarkstown, 54 AD3d 757 [2008] [decided herewith]; Matter of International Innovative Tech. Group Corp. v Planning Bd. of Town of Woodbury, N.Y., 20 AD3d 531 [2005]).

With regard to the petitioners' contentions raised in the second and third "causes of action," the record reveals that the petitioners received the individualized consideration of the project's impact on the Town's recreational needs to which they were entitled, and that the Board established an "essential

nexus" between its recreational needs and the fee imposed (*Twin Lakes Dev. Corp. v Town of Monroe,* 1 NY3d 98, 104 [2003]; *see Dolan v City of Tigard,* 512 US 374, 386 [1994]). Under the circumstances of this case, the Planning Board acted neither arbitrarily nor capriciously, but instead, acted rationally when it assessed the Town's recreational needs with the aid of an independent report that only included recreational facilities owned by the Town (*see generally Matter of Richter v Delmond,* 33 AD3d 1008 [2006]). The approach taken in that report, to not consider non-Town facilities because the Town has no control over their future use, has a rational basis.

The relief sought by the petitioners in the fifth "cause of action" alleging they were entitled to actual individualized notice of the fee increase, similarly was properly rejected. The recreational fee is not an assessment or a tax, the adoption of which would require individualized notice to the petitioners (*see Twin Lakes Dev. Corp. v Town of Monroe,* 1 NY3d 98 [2003]). The case of *Joseph v Planning Bd. of Town of Yorktown* (140 AD2d 670 [1988]), cited by the petitioners, is not controlling. Rivera, J.P., Fisher, Lifson and Dillon, JJ., concur.