(November 20, 2009)

In the *Matter of* LEGACY AT FAIRWAYS, LLC, Respondents, v SEAN McADOO et al., Appellants. [888 NYS2d 450]—

Appeal from an order of the Supreme Court, Monroe County

(Thomas A. Stander, J.), entered June 10, 2008 in a CPLR article 78 proceeding and a declaratory judgment action. The order, inter alia, denied the pre-answer motion of respondents-defendants to dismiss the petition-complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners-plaintiffs (petitioners) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, to annul the determination imposing a per unit recreation fee pursuant to Town Law §§ 274-a and 277 and section 27-8 (J) of the Code of respondent-defendant Town of Victor (Town) upon property in the town owned and developed by petitioners as an assisted living facility. We note at the outset that where, as here, issues of law are limited to whether a determination was affected by an error of law, arbitrary and capricious, an abuse of discretion, or irrational, the issues are subject to review only pursuant to CPLR article 78 (*see Matter of 1300 Franklin Ave. Members, LLC v Board of Trustees of Inc. Vil. of Garden City*, 62 AD3d 1004, 1007 [2009]). Indeed, "a declaratory judgment action is not an appropriate procedural vehicle for challenging the . . . administrative determination[ ] [in question], and thus the proceeding/declaratory judgment action . . . is properly only a proceeding pursuant to CPLR article 78" (*Matter of Potter v Town Bd. of Town of Aurora*, 60 AD3d 1333, 1334 [2009], *appeal dismissed* 12 NY3d 882 [2009], *lv denied* 13 NY3d 707 [2009]). We further note that, "although no appeal lies as of right from a nonfinal order in a CPLR article 78 proceeding . . . , we nevertheless treat the notice of appeal as an application for permission to appeal" and grant respondents-defendants (respondents) such permission (*Matter of Custom Topsoil, Inc. v City of Buffalo*, 63 AD3d 1511, 1511 [2009]; *see* CPLR 5701 [b] [1]; [c]).

We conclude that Supreme Court properly denied the pre-answer motion of respondents to the extent that it sought to dismiss the petition pursuant to CPLR 7804 (f) and instead permitted them to answer the petition (*Legacy at Fairways, LLC v McAdoo*, 20 Misc 3d 1134[A], 2008 NY Slip Op 51730[U], *15 [2008]). It is well settled that, in determining a motion pursuant to CPLR 7804 (f), only the petition, without additional facts alleged in support of the motion, may be considered; that the allegations contained in the petition are deemed to be true; and that petitioners are to be accorded the benefit of every possible inference (*see Matter of Golden Horizon Terryville Corp. v Prusinowski*, 63 AD3d 930, 934 [2009]). We conclude that the allegations in the petition herein demonstrate " 'the existence

of a bona fide justiciable controversy' " with respect to, inter alia, the propriety of the imposition of the recreation fee, thereby warranting the denial of respondents' pre-answer motion (*id.* at 933). We further note that there are triable issues of fact with respect to, inter alia, whether the Town Planning Board imposed the recreation fee, and thus the court's factual determinations with respect to the merits of those issues before respondents answered the petition were premature (*cf. Matter of Kuzma v City of Buffalo,* 45 AD3d 1308, 1310-1311 [2007]). We therefore have not considered the parties' contentions with respect to those factual determinations. Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.