*787 Appeal from a judgment of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered July 17, 2009 in a CPLR article 78 proceeding and a declaratory judgment action. The judgment, inter alia, granted the motion of petitioners-plaintiffs for summary judgment.
It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, the cross motion is granted, the second, fourth, fifth, and sixth causes of action are dismissed, and the matter is remitted to the Planning Board of respondent-defendant Town of Victor for further proceedings in accordance with the following memorandum: Petitioners-plaintiffs (petitioners) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, to annul the determination imposing a per unit recreation fee upon property owned and developed by petitioners as an assisted living facility. On a prior appeal, we determined that the proceeding/declaratory judgment action was properly only a CPLR article 78 proceeding, and we granted respondents-defendants (respondents) permission to appeal from the nonfinal order (Matter of Legacy at Fairways, LLC v McAdoo, 67 AD3d 1460, 1461 [2009]). We affirmed that order denying “the pre-answer motion of respondents to the extent that it sought to dismiss the petition pursuant to CPLR 7804 (f) and instead permitted them to answer the petition” (id.). Respondents now appeal from a judgment that, inter alia, granted the motion of petitioners for summary judgment on the petition and denied respondents’ cross motion for summary judgment dismissing the petition or, alternatively, remitting the matter to the Planning Board of respondent Town of Victor (Town) for further findings. We conclude that respondents waived their contention that the proceeding is time-barred inasmuch as they failed to raise that defense either in their answer to the petition or in their cross motion (see Matter of Hughes v Doherty, 9 AD3d 327 [2004], revd on other grounds 5 NY3d 100 [2005]).
*788 We agree with respondents, however, that Supreme Court erred in granting petitioners’ motion for summary judgment on the first and third causes of action that alleged, respectively, that the Planning Board failed to make the requisite findings in imposing a per unit recreation fee pursuant to Town Law § 277 and that, in any event, the assisted living facility was not a “proper case” for the imposition of such fees (§ 277 [4] [b]). As part of that project, petitioners applied to the Planning Board for approval of a minor subdivision plan in 2000. The Planning Board approved the application on the condition that petitioners comply with the Town’s Design and Construction Standards for Land Development (Construction Standards), section 5 of which expressly requires that a recreation fee be paid before issuance of a building permit. In 2006, the Planning Board also approved petitioners’ site plan for the project, subject to the ongoing condition that petitioners comply with the Construction Standards. We conclude that, although the Planning Board imposed a recreation fee in 2000, the manner in which the Planning Board imposed the fee was improper inasmuch as it failed to make findings “that a proper case exist[ed] for requiring that” parkland be set aside or that a fee be imposed in lieu thereof (Town Law § 277 [4] [b]; see § 274-a [6] [b]). We further conclude, however, that the appropriáte remedy for the imposition of a recreation fee in the absence of such findings was the alternative relief sought by respondents, i.e., remittal to the Planning Board, rather than summary judgment in favor of petitioners on the first and third causes of action. We therefore remit the matter “to the Planning Board for further consideration and, if appropriate, for required findings” (Matter of Bayswater Realty & Capital Corp. v Planning Bd. of Town of Lewisboro, 76 NY2d 460, 463 [1990]; see Long Clove v Town of Woodbury, 292 AD2d 512 [2002]; Matter of Sepco Ventures v Planning Bd. of Town of Woodbury, 230 AD2d 913, 914-915 [1996]).
We agree with respondents that the court erred in granting petitioners’ motion with respect to the second, fourth, and sixth causes of action and in denying those parts of respondents’ cross motion for summary judgment dismissing those causes of action. In those causes of action, petitioners, inter alia, challenged respondents’ imposition of a per unit recreation fee pursuant to chapter 27 of the Victor Town Code. Sections 274-a (6) (c) and 277 (4) (c) of the Town Law authorize a town board to establish the amount of any recreation fee in lieu of parkland (see Twin Lakes Dev. Corp. v Town of Monroe, 1 NY3d 98, 103 [2003], cert denied 541 US 974 [2004]). Here, pursuant to the provisions of the Town Code in effect at the time the Planning
*789 Board imposed the recreation fee, the rate of that fee was $600 per family unit (see § 27-8 [former (J)]). Thus, in the event that the Planning Board determines upon further consideration that a recreation fee was properly imposed in 2000, we conclude that the recreation fee should be limited to the rate applicable at that time. Contrary to petitioners’ contention, the Construction Standards do not set forth an amount for recreation fees, nor do they establish a “per lot,” rather than a per unit, fee. Instead, the stated purposes of the Construction Standards are to conform with the Town Code and to provide guidelines for the development of land within the Town. Further, chapter 27 of the Town Code does not require that all fees imposed thereby serve to reimburse the Town for qualified administrative expenses. Although section 27-8 (A) of the Town Code discusses the imposition of fees in order to reimburse the Town, section 27-8 (J) does not do so. Rather, section 27-8 (J) sets forth various review and permit fees that “are based on the occupancy or use of the structure and type of work to be performed . . .[, as well as the] number of units or the gross square feet of floor area.” (§ 27-8 [J] [1].) Moreover, the Town Law specifically authorizes the imposition of fixed recreational fees, without consideration of whether the recreation fee would reimburse the Town for costs that it incurred in processing applications (see § 274-a [6]; § 277 [4]; see generally Twin Lakes Dev. Corp., 1 NY3d at 102-107; Bayswater, 76 NY2d at 467-470).
We further conclude that the court erred in granting petitioners’ motion with respect to the fifth cause of action and in denying that part of respondents’ cross motion for summary judgment dismissing that cause of action. Petitioners contended therein that the recreation fees had not been deposited into a trust fund to be used by the Town exclusively for park and recreational purposes as required by Town Law § 274-a (6) (c) and § 277 (4) (c); however, petitioners lack standing to assert that cause of action. To establish standing in a CPLR article 78 proceeding, a petitioner must demonstrate “that the administrative action will in fact have a harmful effect on the petitioner and that the interest asserted is arguably within the zone of interest to be protected by the statute” (Matter of Dairylea Coop, v Walkley, 38 NY2d 6, 9 [1975]; see Society of Plastics Indus, v County of Suffolk, 77 NY2d 761, 771-774 [1991]). Petitioners do not allege that they have suffered any injury in fact as a result of the Town’s alleged failure to place recreation fees in the required trust (see generally Matter of Benson v Roswell Park Cancer Inst. Corp. Merit Bd., 305 AD2d 1056, 1057-1058 [2003]). In addition, petitioners do not fall within the zone of interest to be protected by the statutes, inasmuch as *790 petitioners are not residents of the Town, the intended beneficiaries of the statutes. Present—Smith, J.P., Fahey, Garni, Green and Gorski, JJ.