■ In the Matter of DOBBS FERRY DEVELOPMENT ASSOCIATES, Respondent, v BOARD OF TRUSTEES OF VILLAGE OF DOBBS FERRY et al., Appellants. [916 NYS2d 840]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Village of Dobbs Ferry dated December 16, 2008, which, inter alia, required the respondent to pay a fee in lieu of parkland dedication as a condition of site plan approval of a single-family residence, the Board of Trustees of the Village of Dobbs Ferry and the Planning Board of the Village of Dobbs Ferry appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Zambelli, J.), entered May 8, 2009, as declared the fee invalid and directed them to issue the site plan approval to the petitioner without a recreation fee.

Ordered that the judgment is modified, on the law, by deleting the provision thereof directing the Board of Trustees of the Village of Dobbs Ferry and the Planning Board of the Village of Dobbs Ferry to issue the site plan approval to the petitioner, and substituting therefor a provision remitting the matter to them for further consideration; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Board of Trustees of the Village of Dobbs Ferry and the Planning Board of the Village of Dobbs Ferry (hereinafter together the appellants) have the authority to impose a recreation fee as a condition of site plan approval as long as prior to the imposition of such a fee, it makes certain findings (*see* Village Law § 7-725-a [6] [b], [c]; *see also Matter of Bayswater Realty & Capital Corp. v Planning Bd. of Town of Lewisboro*, 76 NY2d 460 [1990]). Here, there was no "individualized consideration" (*Twin Lakes Dev. Corp. v Town of Monroe*, 1 NY3d 98, 105 [2003], *cert denied* 541 US 974 [2004]) made by the appellants prior to the imposition of the recreation fee, nor were

there specific findings made by the appellants as to the recreational needs created by the petitioner's improvement of the vacant lot as a one-family home (*see Dolan v City of Tigard*, 512 US 374, 389 [1994]; *cf. Twin Lakes Dev. Corp. v Town of Monroe*, 1 NY3d 98 [2003]; *Matter of Joy Bldrs., Inc. v Town of Clarkstown*, 54 AD3d 761 [2008], *cert denied* 556 US —, 129 S Ct 2010 [2009]). Accordingly, the Supreme Court correctly declared the fee to be invalid. However, the Supreme Court should not have directed that site plan approval be issued without a recreation fee. Rather, it should have remitted the matter to the appellants for further consideration as to whether a recreation fee is appropriate, the amount, if any, and the specific findings which support such a fee (*see Matter of Bayswater Realty & Capital Corp. v Planning Bd. of Town of Lewisboro*, 76 NY2d 460, 463 [1990]; *Matter of Legacy at Fairways, LLC v McAdoo*, 67 AD3d 1460 [2009]; *Long Clove v Town of Woodbury*, 292 AD2d 512 [2002]; *Matter of Sepco Ventures v Planning Bd. of Town of Woodbury*, 230 AD2d 913 [1996]). Prudenti, P.J., Rivera, Lott and Miller, JJ., concur.