■ In the Matter of PULTE HOMES OF NEW YORK, LLC, Appellant, v TOWN OF CARMEL PLANNING BOARD et al., Respondents. [921 NYS2d 867]—

In a proceeding pursuant to CPLR article 78 to review so much of three determinations of the Planning Board for the Town of Carmel dated November 12, 2008, as, in effect, directed the petitioner to pay a recreation fee as a condition of site plan approvals for a senior citizen housing development, the petitioner appeals from a judgment of the Supreme Court, Putnam County (Nicolai, J.), dated March 15, 2010, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, so much of the determinations as, in effect, directed the petitioner to pay a recreation fee as a condition of site plan approvals for a senior citizen housing development are annulled, and the matter is remitted to the Planning Board for the Town of Carmel for further proceedings in accordance herewith.

The Planning Board for the Town of Carmel (hereinafter the Planning Board) has the authority to impose a recreation fee as a condition to site plan approval as long as certain findings are made prior to the imposition of such a fee (*see* Town Law § 274-a [6]; *Matter of Bayswater Realty & Capital Corp. v Planning Bd. of Town of Lewisboro*, 76 NY2d 460 [1990]; *Matter of Dobbs Ferry Dev. Assoc. v Board of Trustees of Vil. of Dobbs Ferry*, 81 AD3d 945 [2011]). Here, however, the Planning Board made no "individualized consideration" prior to imposing the recreation fee and made no specific findings as to the recreational needs created by the petitioner's improvements (*see Dolan v City of Tigard*, 512 US 374, 389 [1994]; *Matter of Dobbs Ferry Dev. Assoc. v Board of Trustees of Vil. of Dobbs Ferry*, 81 AD3d 945 [2011]; *cf. Twin Lakes Dev. Corp. v Town of Monroe*, 1 NY3d 98

[2003], *cert denied* 541 US 974 [2004]; *Matter of Joy Bldrs., Inc. v Town of Clarkstown*, 54 AD3d 761 [2008], *cert denied* 556 US —, 129 S Ct 2010 [2009]). Accordingly, the Supreme Court should have determined that the contested recreation fee was invalid. The proper remedy, under such circumstances, is to remit the matter to the Planning Board for further consideration as to whether a recreation fee is appropriate, the amount of the fee, if any, and to make the specific findings which support such a fee (*see Matter of Bayswater Realty & Capital Corp. v Planning Bd. of Town of Lewisboro*, 76 NY2d at 463; *Matter of Dobbs Ferry Dev. Assoc. v Board of Trustees of Vil. of Dobbs Ferry*, 81 AD3d 945 [2011]; *Matter of Legacy at Fairways, LLC v McAdoo*, 67 AD3d 1460 [2009]; *Matter of Sepco Ventures v Planning Bd. of Town of Woodbury*, 230 AD2d 913 [1996]). Mastro, J.P., Balkin, Leventhal and Belen, JJ., concur.