# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1063**

**CA 12-02240**

PRESENT: SCUDDER, P.J., SMITH, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF LEGACY AT FAIRWAYS, LLC
AND BOUGHTON PROPERTIES, LLC,
PETITIONERS-RESPONDENTS,

V                                                      MEMORANDUM AND ORDER

PLANNING BOARD OF TOWN OF VICTOR,
RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

THE WOLFORD LAW FIRM LLP, ROCHESTER (MICHAEL R. WOLFORD OF COUNSEL),
FOR RESPONDENT-APPELLANT.

ADAMS BELL ADAMS, P.C., ROCHESTER (ANTHONY J. ADAMS, JR., OF COUNSEL),
FOR PETITIONERS-RESPONDENTS.

-------------------------------------------------------------------------------

Appeal from a judgment (denominated decision, judgment and order) of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered October 24, 2012 in a CPLR article 78 proceeding. The judgment, inter alia, granted the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioners commenced these CPLR article 78 proceedings seeking, inter alia, to annul the respective determinations of respondent to impose a per unit recreation fee on property owned and developed by them in the Town of Victor (Town). The petitioners in appeal No. 1 challenge the determination imposing a recreation fee of $600 per family unit upon property consisting of 144 apartments owned and developed by them, and the petitioners in appeal No. 2 challenge the determination imposing a recreation fee of $1,000 per unit upon property consisting of 45 townhouse units owned and developed by them.

We note at the outset that petitioners Legacy at Fairways, LLC, US Homes Co., Inc., and Mark IV Construction, Inc., along with Christopher A. DiMarzo, previously commenced a CPLR article 78 proceeding challenging the determination imposing a per unit recreation fee upon property consisting of the apartment units at issue in appeal No. 1. On an initial appeal in that matter, we concluded, inter alia, that Supreme Court properly denied the pre-answer motion to dismiss made by the respondents-defendants in that

matter.  In doing so, we noted that there were "triable issues of fact with respect to, inter alia, whether the Town Planning Board[, i.e., the respondent herein,] imposed [a] recreation fee" (*Matter of Legacy at Fairways, LLC v McAdoo*, 67 AD3d 1460, 1462).  On a subsequent appeal in that matter, we concluded, inter alia, that the respondent herein imposed a recreation fee in 2000, i.e., the year in which the petitioners in that appeal applied for approval of a minor subdivision plan in relation to that property (*Matter of Legacy at Fairways, LLC v McAdoo*, 76 AD3d 786, 788, *lv denied* 16 NY3d 706 [*Legacy II*]).  We also concluded that "the manner in which the [respondent herein] imposed the fee was improper inasmuch as it failed to make findings 'that a proper case exist[ed] for requiring that' parkland be set aside or that a fee be imposed in lieu thereof (Town Law § 277 [4] [b]; *see* § 277-a [6] [b])" (*id.* at 788).  We therefore remitted the matter to the respondent herein for further consideration and, if appropriate, for required findings (*id.*).

Upon remittal, respondent reduced the recreation fee of $1,000 per family unit that had been previously paid for the apartments at issue in appeal No. 1 to $600 per family unit.  Approximately one month later, respondent reduced the recreation fee of $1,500 that had been assessed by respondent in 2007 and that had been paid relative to the townhouse units at issue in appeal No. 2 to $1,000 per family unit.  As noted, petitioners in each of these appeals subsequently commenced these CPLR article 78 proceedings seeking to annul the respective determinations of respondent to impose a recreation fee on each of the apartments and townhouse units.  The parties to appeal No. 2 have stipulated that our decision in *Legacy II* is equally applicable to the proceeding in appeal No. 2.  We conclude that Supreme Court erred in granting the petitions.

As respondent correctly contends in both appeals, the court erred in agreeing with petitioner that the timing of respondent's findings was a violation of lawful procedure inasmuch as respondent made the findings at issue after the completion of development on the apartments and townhouse units.  We thus conclude that the court erred to the extent that it granted the petitions on that ground.  Petitioners' contention concerning the timing of respondent's findings following our remittal in *Legacy II* was not properly before the court because it was not raised at the administrative level (*see Matter of Kearney v Village of Cold Spring Zoning Bd. of Appeals*, 83 AD3d 711, 713; *Matter of Kahn v Planning Bd. of City of Buffalo*, 60 AD3d 1451, 1451-1452, *lv denied* 13 NY3d 711).  Petitioners' contention is therefore " 'precluded from judicial review' " (*Kearney*, 83 AD3d at 713).

We likewise conclude that the court erred in finding that respondent violated lawful procedure by failing to provide petitioners with an opportunity to propose a park, inasmuch as petitioners did not raise that contention either before respondent or before the court, and there was therefore no basis for the court to have reached that issue (*see id.*; *Kahn*, 60 AD3d at 1451-1452; *Matter of Violet Realty, Inc. v City of Buffalo Planning Bd.*, 20 AD3d 901, 903, *lv denied* 5 NY3d 713).  We note in any event that petitioners do not directly

address that issue on appeal and have apparently conceded it (*see Weldon v Rivera*, 301 AD2d 934, 935).

We also conclude that respondent's use of Town Law § 277 (4) was not an impermissible exercise of taxing power. Inasmuch as the Court of Appeals has rejected the notion that section 277 (4) is a "taxing" statute (*see Twin Lakes Dev. Corp. v Town of Monroe*, 1 NY3d 98, 106-107, *cert denied* 541 US 974), we must decide whether respondent's determination that the Town needs "additional funds to develop parks and recreational facilities," not additional land, is consistent with the legislative purpose of that statute. The Court of Appeals has recognized that section 277 (4) " 'represents a legislative reaction to the threatened loss of open land available for park and recreational purposes resulting from the process of development in suburban areas *and the continuing demands of the growing populations in such areas for additional park and recreational facilities*' " (*Twin Lakes Dev. Corp.*, 1 NY3d at 102, quoting *Matter of Bayswater Realty & Capital Corp. v Planning Bd. of Town of Lewisboro*, 76 NY2d 460, 468 [emphasis added]). In that vein, section 277 (4) (b) provides that a set-aside of land for a park or other recreational purposes may be required if the planning board has made a finding that a proper case for such land exists. That section further provides that "[s]uch findings shall include an evaluation of the present and anticipated future needs for park and recreational facilities in the town *based on projected population growth* to which the particular subdivision plat will contribute" (*id.* [emphasis added]). Section 277 (4) (c) provides that, in the event the planning board determines that a park may not be suitably located on the subdivision plat, "[a]ny monies required by the planning board in lieu of land for park, playground or other recreational purposes, pursuant to the provisions of this section, shall be deposited into a trust fund to be used by the town *exclusively for park, playground or other recreational purposes, including the acquisition of property*" (emphasis added).

Here, the court concluded that the assessment of recreation fees was unjustified because respondent found that the Town did not need more recreational land. As noted, however, Town Law § 277 (4) provides that concern over population demand for additional recreational facilities and the unsuitability of the plat at issue may justify the assessment of recreation fees. Furthermore, contrary to petitioners' contention, the application of section 277 involves a town-based review, not a plat-based review. We thus conclude that the court erred in determining that respondent acted irrationally in imposing the recreation fees at issue (*see generally Matter of Pell v Board of Educ. of Union Free Sch. Dist. No 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231). We further conclude upon our review of the record that the determination to impose recreation fees in lieu of parkland dedication is not arbitrary or capricious, nor is it affected by an error of law (*see generally Matter of Davies Farm, LLC v Planning Bd. of Town of Clarkstown*, 54

AD3d 757, 758, *lv denied* 11 NY3d 713).