In the Matter of JOHN W. STEIERT, Respondent, v. MARTIN C. EPSTEIN et al., Constituting the State Liquor Authority, Appellants.—

The Authority, after considering the report of an investigative interview, overruled the recommendation of the local board which had recommended approval of the application and determined that the " petition to remove should be and is denied for the reason that the proposed location is located in close proximity to and within approximately 350 feet of " a church; that the " pastor and other officials of [the church] have interposed objections to permitting [the] restaurant liquor licensee to remove to within such close proximity to the church "; and, hence, that " it would not serve public convenience and advantage to permit this removal." When the reasons for the Authority's determination are enumerated and when such reasons are challenged, they will be scrutinized to ascertain if the conclusions reached were arbitrary and without reasonable basis in law or fact. Under the circumstances herein, enumeration of the reasons is tantamount to definition, explanation and rstriction (*Matter of Wanetick* v. *State Liq. Auth.*, 8 A D 2d 706; see, e.g., *Matter of Winkler* v. *State Liq. Auth.*, 3 A D 2d 1011, affd. 4 N Y 2d 856). A retail license for on-premises consumption may be granted when the premises are more than 200 feet from a church (Alcoholic Beverage Control Law, § 64). Although the sale of intoxicating liquors is strictly regulated, it is permitted by the laws of this State and by the Constitution of the United States. In our opinion, it is clear that the application here was disapproved because some church officials objected to the transfer. " The Authority is vested with wide powers and broad discretion. But the powers and discretion thus reposed must be exercised by it alone. It may not abdicate its functions, surrender them to another agency * * *. While it may seek the views of others in reaching a determination, it should not as a *pro forma* act predicate its decision solely upon the recommendation of others, no matter how well-intentioned that may be. * * * The exercise of discretionary power perfunctorily * * * does not fulfill the legislative intent in the grant of such power " (*Matter of Winkler* v. *State Liq. Auth.*, *supra*; see, e.g., *Matter of Barry* v. *O'Connell*, 303 N. Y. 46; *Matter of Swalbach* v. *State Liq. Auth.*, 7 N Y 2d 518). Applying these rules to the facts here, we believe that the Authority's finding " that it would not serve public convenience and advantage to permit this removal " was entirely conclusory and without factual support in the record. (See, e.g., *Matter of Barry* v. *O'Connell*, 303 N. Y. 46, *supra*.) On several previous occasions the petitioner's applications for transfer of his license were before the local Alcoholic Beverage Control Board and the Authority, and there were hearings and investigations. As there is an adequate record presently before us, there is no need for further remission of the matter to the Authority (see, e.g., *Matter of Mandelcorn* v. *Bruckman*, 266 App. Div. 908, affd. 292 N. Y. 543). Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.