■ FRANK LO GRIPPO et al., Appellants, v JOHN F. WHALLEY et al., Constituting the Planning Board of the Town of Southeast, Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Southeast which denied approval to petitioners' proposed subdivison plat, the petitioners appeal from a judgment of the Supreme Court, Putnam County (Cerrato, J.), entered September 10, 1980, which dismissed the petition. Judgment affirmed, with $50 costs and disbursements. Petitioners are the owners of a parcel of land located in the Town of Southeast. On February 21, 1978, they submitted to the respondent Planning Board of the Town of Southeast, for its approval, a subdivision plat. On April 13, 1978, a public hearing was held on the application. Thereafter, the planning board requested the petitioners to come to its monthly meetings. On December 11, 1978, a public hearing was held allegedly because the first public hearing did not conform to the provisions of the Town Law. As reflected in the minutes of that meeting, the board voted to deny approval of the proposed subdivision plat. Thereafter, on May 17, 1979, a formal written resolution denying approval was handed down by the planning board. On or about August 6, 1979 petitioners commenced a proceeding, by service of an order to show cause and petition, in which they asked for a judgment, *inter alia,* declaring the subdivision plat to be deemed approved due to the failure of the town planning board to issue its resolution within 45 days of the hearing, as required by subdivision 4 of section 276 of the Town Law. The requested relief was denied by a judgment of the Supreme Court, Putnam County, entered September 7, 1979. Subsequently, on or about September 11, 1979, the petitioners commenced the instant article 78 proceeding, in which they allege that the board's decision was, *inter alia,* arbitrary and capricious. The timeliness of the board's resolution was not raised before Special Term. On this appeal, petitioners assert that the board's failure to issue its resolution within

45 days following the hearing, pursuant to subdivision 4 of section 276 of the Town Law, requires that the proposed subdivision plat be deemed approved. However, having failed to raise this issue before Special Term, petitioners may not raise it for the first time on appeal. In any event, even if the issue were validly before this court, the petitioners are precluded from raising it because the same issue was decided adversely to them in the prior proceeding which terminated in a final judgment entered September 7, 1979, from which no appeal was taken (see *Malloy v Trombley,* 50 NY2d 46; *O'Connor v G & R Packing Co.,* 74 AD2d 37, 44-46, affd 53 NY2d 278). Further, we hold that the decision of the planning board was not arbitrary and capricious. The reasons given by it for denying the subdivision proposal were as follows: (1) poor planning; (2) nonconforming lots; (3) increased development on private roads; and (4) approval would "forward undesirable unenforcement of restrictions." Contrary to the assertion in the petitioners' brief, the foregoing demonstrate that the planning board's decision was not based on lack of access. In addition, the reasons advanced by the board refute the allegation that the decision was based upon a restrictive covenant. Rather, the decision was grounded upon four factors which were rationally supported. Margett, J. P., O'Connor, Weinstein and Bracken, JJ., concur.