■ SYRACUSE BROS., INC., et al., Respondents, v ROBERT DARCY et al., Constituting the Planning Board of the City of New Rochelle, et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Planning Board of the City of New Rochelle, dated January 29, 1985, which denied the petitioners' application for site plan approval of a proposed commercial marina, the appeal is: (1) from so much of a judgment of the Supreme Court, Westchester County (Marbach, J.), dated July 9, 1985, as annulled the determination and ordered the appellants to approve the petitioners' site plan subject only to appropriate conditions

which are reasonably supported in the record; and (2) from an order of the same court (Marbach, J.), entered August 28, 1986, which denied the appellants' motion, which was denominated a motion to renew but was in actuality one to reargue their opposition to the petition.

Ordered that the judgment, dated July 9, 1985, is affirmed insofar as appealed from, without costs or disbursements, and it is further,

Ordered that the appeal from the order entered August 28, 1986 is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument.

The Planning Board's determination denying the petitioners' application for site plan approval was arbitrary and capricious and was thus properly annulled. The Board's conclusions that the proposed marina would cause excessive noise and traffic, that the parking facilities were inadequate, and that the safety of boaters was threatened simply finds no support in the record. Moreover, increased traffic and noise levels which would normally be associated with the establishment of a marina provide no basis for withholding approval of the site plan since the area is commercially zoned and a marina is a use permitted therein as a matter of right *(see, Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238, 243). Furthermore, the alternate grounds presently relied upon by the appellants in urging a confirmation of the determination need not be addressed on appeal since they are prohibited from now raising arguments in support of the determination that were not cited in the decision *(see, Bernstein v Board of Appeals,* 60 Misc 2d 470, 474; *see also, LoGrippo v Whalley,* 84 AD2d 829; *Matter of Steiert v Epstein,* 15 AD2d 532).

Although the appellants denominated their motion made one year after entry of the judgment as one for renewal, a reading of the papers submitted in support of that motion reveals that it was actually one for reargument as they failed to raise any new facts which were previously unavailable to them *(see, Galaxy Export v Bedford Textile Prods.,* 89 AD2d 576). Mollen, P. J., Thompson, Weinstein and Rubin, JJ., concur.