■ WILLIAM BONGIORNO, Respondent, v PLANNING BOARD OF THE INCORPORATED VILLAGE OF BELLPORT, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Incorporated Village of Bellport (hereinafter the planning board) which denied the petitioner's application for final site plan approval, the planning board appeals from a judgment of the Supreme Court, Suffolk County (Dunn, J.), entered April 22, 1987, which granted the petition and directed it to approve the petitioner's final site plan.

Ordered that the judgment is affirmed, with costs.

Although we are in accord with the conclusion reached by the Supreme Court, we disagree with one aspect of its reasoning. While a village planning board does not have the authority to deny final site plan approval generally, based upon its determination that the proposed development will be deleterious to the health, safety, and general welfare of the community, it does have the authority to consider these general factors insofar as they affect matters expressly within the board's jurisdiction *(Moriarty v Planning Bd.,* 119 AD2d 188, *lv denied* 69 NY2d 603). Thus, to the extent at bar that the planning board was concerned with traffic congestion on the street from which the proposed development's customers

would enter and upon which they would exit, it was authorized to consider the health, safety and general welfare of the community (Village Law § 7-725; Code of Incorporated Village of Bellport § 90-105 [a] [6]; *see, Matter of Pittsford Plaza Assocs. v Spiegel,* 66 NY2d 717; *Matter of Grossman v Planning Bd.,* 126 AD2d 887; *Holmes v Planning Bd.,* 78 AD2d 1). However, although the planning board possessed this authority, its exercise thereof under the facts of the case at bar was arbitrary and capricious and thus the judgment of the Supreme Court is affirmed.

Here, despite the petitioner's repeated and costly concessions made in attempts to gain final approval, the planning board consistently withheld approval. It appears that the proposed development, five stores with two residential apartments above, is a permitted use in the downtown zoning district for which no special use permit is required. The reason given by the planning board for its refusal of approval, i.e., added traffic congestion, is simply not supported by the traffic accessibility study in the record *(see, Matter of Old Ct. Intl. v Gulotta,* 123 AD2d 634). Moreover, the planning board's decision appears to have been in response to local public opposition. This is not a proper ground upon which to base the denial of permission to operate an otherwise conforming business *(cf., Matter of Old Ct. Intl. v Gulotta, supra; see also, Matter of Pleasant Val. Home Constr. v Van Wagner,* 41 NY2d 1028). Finally we note that it was improper for the planning board to deny final approval because the petitioner's proposed businesses might run contrary to the objectives of the "soon to be completed Bellport Master Plan". As the planning board chairman noted, the petitioner's application predated the moratorium on the issuance of building permits. The petitioner was thus entitled to have his plan evaluated in light of the standards applicable prior to the declaration of the moratorium and publication of the new master plan *(cf., Matter of De Masco Scrap Iron & Metal Corp. v Zirk,* 62 AD2d 92, 98, *affd* 46 NY2d 864). Eiber, J. P., Kooper, Spatt and Harwood, JJ., concur.