■ In the Matter of HUDSON CANYON CONSTRUCTION, INC., Respondent, v TOWN OF CORTLANDT et al., Appellants. [692 NYS2d 158] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Cortlandt Planning Board, dated September 25, 1997, which, after a hearing, denied the petitioner's application for site development plan approval, the appeal is from a judgment of the Supreme Court, Westchester County (Rosato, J.), entered April 22, 1998, which granted the petition to the extent of annulling the determination and remitting the matter to the respondent Town of Cortlandt Planning Board for further proceedings.

Ordered that the judgment is affirmed, with costs.

Contrary to the appellants' contention, the determination of the respondent Town of Cortlandt Planning Board (hereinafter Planning Board) denying the petitioner's application for site plan approval was arbitrary and capricious, and thus properly annulled. While it is well settled that a decision of a town planning board will not be set aside lightly, it will be set aside if it is arbitrary or unlawful (*see, Bongiorno v Planning Bd.,* 143 AD2d 967; *Syracuse Bros. v Darcy,* 127 AD2d 588; *Matter of Currier v Planning Bd.,* 74 AD2d 872, *affd* 62 NY2d 722; *Matter of Gronbach v Simpkins,* 96 AD2d 1100). Here, the Planning Board's stated reason for denial, i.e., failure to submit sufficient information, is not supported by relevant and adequate proof (*see, Syracuse Bros. v Darcy, supra*; *Bongiorno v*

*Planning Bd., supra*). Moreover, the record reveals that the Planning Board's decision was, in part, a response to local public opposition. This is an improper ground upon which to base a denial of permission to operate an otherwise conforming business (*Bongiorno v Planning Bd., supra*). In this regard we note that the property in question is commercially zoned for light industrial use, and that the proposed use by the petitioner is permitted as a matter of right (*see, Syracuse Bros. v Darcy, supra*). Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.