■ In the Matter of SCI FUNERAL SERVICES OF NEW YORK, INC., Respondent, v PLANNING BOARD OF THE TOWN OF BABYLON, Respondent-Appellant. PINELAWN MEMORIAL CEMETERY, Intervenor Respondent-Appellant. [715 NYS2d 744] —In a

proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Babylon, dated November 2, 1998, which denied the petitioner's site plan application, the appeal is from so much of a judgment of the Supreme Court, Suffolk County (Jones, J.), dated July 29, 1999, as granted the petition, annulled the determination, and remitted the matter to the Planning Board to grant the site plan application upon the imposition of reasonable restrictions and covenants consistent with the recommendations of the Town Traffic Safety Division.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs.

Contrary to the appellants' contentions, the Supreme Court correctly annulled the denial by the appellant Planning Board of the Town of Babylon (hereinafter the Planning Board) of the petitioner's site plan application. The record contains overwhelming evidence, including two traffic studies which, consistent with the Planning Board's prior negative declaration under Environmental Conservation Law article 8 (SEQRA), established that the petitioner would be able to operate its proposed funeral home in a safe and efficient manner without significant traffic problems. Accordingly, the Planning Board acted in an arbitrary and capricious manner when it ignored its own SEQRA finding and denied the application due to traffic considerations (*see, Matter of WEOK Broadcasting Corp. v Planning Bd.,* 79 NY2d 373). Furthermore, the record supports the Supreme Court's conclusion that the Planning Board was unduly influenced by the speculative and unsubstantiated opinions of a consultant who had been retained by the intervenor-appellant Pinelawn Memorial Cemetery, a possible business competitor of the petitioner (*see, Matter of Hudson Canyon Constr. v Town of Cortlandt,* 262 AD2d 484; *Bongiorno v Planning Bd.,* 143 AD2d 967). As the determination of the Planning Board was arbitrary and capricious (*see, Matter of Buckley v Amityville Vil. Clerk,* 264 AD2d 732), the Supreme Court properly annulled the denial of the petitioner's application and directed that it be granted, subject to the imposition of reasonable restrictions and covenants. Sullivan, J. P., S. Miller, Altman and Friedmann, JJ., concur.