■ In the Matter of DAVIES FARM, LLC, Appellant, v PLANNING BOARD OF TOWN OF CLARKSTOWN, Respondent. [864 NYS2d 84]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Clarkstown dated September 27, 2006, which, inter alia, required the petitioner to pay a fee in lieu of parkland dedication as a condition of subdivision approval of a residential development, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Sherwood, J.), entered July 16, 2007, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contentions, the Supreme Court properly rejected its claim that the determination of the Planning Board of the Town of Clarkstown (hereafter the Planning Board) to impose a fee in lieu of parkland dedication was arbitrary and capricious because it was made at the time of final subdivision plat approval, when the Planning Board had already granted preliminary subdivision plat approval without making any findings of recreational need. Nothing in either Town Law §§ 276 or 277 circumscribed the Planning Board's authority to impose the fee as a condition of final subdivision approval where it had already granted preliminary subdivision approval without a finding of recreational need. Further, under the circumstances of this case, the petitioner was aware of the Planning Board's procedure to make a recreational need finding and recreational fee determination where, as here, the petitioner was told, in November 2005, prior to receiving preliminary subdivision plat approval, that the fee would be imposed on their 23-lot subdivision, and where the same procedure was followed by the Planning Board in connection with the petitioner's development on a neighboring parcel. Therefore, the Planning Board's determination was neither arbitrary nor capricious, nor affected by error of law. Accordingly, the Supreme Court, properly, in effect, denied the petition and dismissed the proceeding (see generally Matter of Bayswater Realty & Capital Corp. v Planning Bd. of Town of Lewisboro, 76 NY2d 460 [1990];

*Matter of Joy Builders, Inc. v Town of Clarkstown*, 54 AD3d 761 [2008] [decided herewith]; *Matter of International Innovative Tech. Group Corp. v Planning Bd. of Town of Woodbury, N.Y.*, 20 AD3d 531 [2005]). The case of *Joseph v Planning Bd. of Town of Yorktown* (140 AD2d 670 [1988]), cited by the petitioner, is not controlling.

The petitioner's remaining contentions are without merit. Rivera, J.P., Fisher, Lifson and Dillon, JJ., concur.