■ In the Matter of MARGARET A. KEARNEY, Respondent, v RICHARD KITA et al., Appellants. [879 NYS2d 584]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondents Richard Kita, Kathryn Caulfield, Timothy Fay, Louis Laurino, and Peter Muscianisi, constituting the Planning Board of the Incorporated Village of Bayville, dated September 25, 2007, which, after a hearing, denied the petitioner's application to subdivide her property into two building lots and construct a residential dwelling on one of the lots, Richard Kita, Kathryn Caulfield, Timothy Fay, Louis Laurino, and Peter Muscianisi appeal from a judgment of the Supreme Court, Nassau County (Cozzens, J.), entered April 15, 2008, which granted the petition to the extent of vacating and annulling the determination and directing that the petitioner's application for subdivision be approved, and denied as premature that branch of the petition which was to direct the Building Department of the Incorporated Village of Bayville to issue a building permit.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

A local planning board has broad discretion in reaching its determination on applications such as the petitioner's, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Davies Farm, LLC v Planning Bd. of Town of Clarkstown*, 54 AD3d 757, 758 [2008]; *Matter of Gallo v Rosell*, 52 AD3d 514, 515 [2008]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768 [2005]). The planning board's determination "should be sustained upon judicial review if it was not illegal, has a rational basis, and is not arbitrary and capricious" (*Matter of Gallo v Rosell*, 52 AD3d at 515; *see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Rivero v Voelker*, 38 AD3d 784, 785 [2007]; *Matter of Halperin v City of New Rochelle*, 24 AD3d at 772). When reviewing the determinations of a local planning board, " 'courts consider substantial evidence only to determine whether the record contains sufficient evidence to support the rationality of the Board's determination' " (*Matter of Gallo v Rosell*, 52 AD3d at 515, quoting *Matter of Sasso v Osgood*, 86 NY2d at 385). Here, the actions of the Planning Board of the Incorporated Village of Bayville (hereinafter the Planning

Board) in denying the petitioner's application to subdivide her parcel had a rational basis, were not arbitrary or capricious, and were not illegal. The petitioner's property failed to satisfy the requirements of Local Law No. 11-1985, which required, for parcels in the subject zoning district, inter alia, a minimum lot size of 7,500 square feet. In support of her application, the petitioner relied on Local Law No. 12-1985, which permitted the subdivision of a residential parcel into lots that did not satisfy the requirements of Local Law No. 11-1985 if "the owner, as of September 30, 1985 the date of enactment of such Local Law . . . , should own, whether in single or separate ownership or otherwise, on said September 30, 1985, an unimproved building lot adjacent to said improved residential lot or parcel." The Planning Board's determination that the subject parcels did not satisfy the requirements of Local Law No. 12-1985 so as to qualify for that section's applicability had a rational basis and was not arbitrary or capricious. Accordingly, the petition should have been denied.

In light of our determination, we need not address the Planning Board's remaining contention. Spolzino, J.P., Angiolillo, Dickerson and Hall, JJ., concur.