■ In the Matter of KAYWOOD PROPERTIES, LTD., et al., Respondents, v M. CECIL FORTE et al., Appellants. [892 NYS2d 182]—

The petitioners sought approval from the Planning Board of the Town of Brookhaven (hereinafter the Planning Board) to subdivide a parcel of land located within a district known as the compatible growth area of the central pine barrens. After numerous yield-maps were submitted and several hearings held, the Planning Board denied the application on several grounds. The Supreme Court granted the petition to annul the Planning Board's determination on the ground that the findings and conclusions were unreasonable and arbitrary and capricious. We reverse.

"A local planning board has broad discretion in reaching its determination on applications [for a subdivision] such as the petitioner's, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (*Matter of Kearney v Kita,* 62 AD3d 1000, 1001 [2009]). Thus, "[t]he planning board's determination 'should be sustained upon judicial review if it was not illegal, has a rational basis, and is not arbitrary and capricious' " (*id.,* quoting *Matter of Gallo v Rosell,* 52 AD3d 514, 515 [2008]).

"When reviewing the determinations of a local planning board, 'courts consider substantial evidence only to determine whether the record contains sufficient evidence to support the rationality of the Board's determination' " (*id.*, quoting *Matter of Gallo v Rosell,* 52 AD3d at 515 [some internal quotation marks omitted]).

Here, the petitioners' subdivision application failed to satisfy the requirements of Town of Brookhaven Town Code § 85-448, which requires a hardship exemption from the Central Pine Barrens Commission for "proposed development located within the Compatible Growth Area of the Central Pine Barrens" (Town of Brookhaven Town Code § 85-448) where a development proposal fails to comply with certain delineated standards. These standards include a requirement that no more than 35% of the land on the site to be developed may be cleared where the proposed development is located in an A-2 residential zoning district (*see* Town of Brookhaven Town Code § 85-448, figure 5-1). Despite the petitioners' contentions to the contrary, the Town of Brookhaven Town Code clearly sets forth that the calculation of the amount of land to be cleared includes "those portions of the site that are already cleared due to previous activities" (Town of Brookhaven Town Code § 85-448 [E] [1] [a]). In light of the fact that essentially the entire subject parcel had been cleared as a result of prior agricultural activities, a hardship exemption was a necessary component of the petitioner's application. Since the petitioners refused to apply to the Central Pine Barrens Commission for a hardship exemption, the Planning Board's determination that the application did not satisfy the requirements of Town of Brookhaven Town Code § 85-448 had a rational basis and was not arbitrary and capricious. Accordingly, the petition should have been denied.

In light of our determination, we need not address the Planning Board's remaining contentions. Rivera, J.P., Miller, Leventhal and Chambers, JJ., concur. **[Prior Case History: 2006 NY Slip Op 52613(U).]**