■ In the Matter of IN-TOWNE SHOPPING CENTERS, Co., Respondent, v PLANNING BOARD OF THE TOWN OF BROOKHAVEN, Appellant. [901 NYS2d 331]—

In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Planning Board of the Town of Brookhaven dated August 28, 2008, as, after a hearing, granted the petitioner's application for certain area variances, site plan approval, and a special permit, upon the condition that it provide a perpetual offer of cross-access and cross-parking, the

appeal is from (1) a decision of the Supreme Court, Suffolk County (Whelan, J.), entered April 10, 2009, and (2) a judgment of the same court entered May 28, 2009, which, upon the decision, granted the petition and annulled so much of the determination as imposed that condition.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The petitioner, In-Towne Shopping Centers, Co., applied to the Planning Board of the Town of Brookhaven (hereinafter the Planning Board) for certain area variances, site plan approval, and a special permit for the purpose of constructing additional tenant spaces and a drive-through facility at a corner of an existing shopping center which the petitioner owned in the Town of Brookhaven.

The Planning Board granted the application with the imposition of seven conditions, one of which required the petitioner to "provide a perpetual offer of cross-access and cross-parking with adjacent property in the future" (hereinafter the condition).

The petitioner commenced this CPLR article 78 proceeding to review so much of the Planning Board's determination as imposed the condition on the ground that, inter alia, the need to impose the condition was not directly related to the petitioner's application.

The Supreme Court granted the petition to annul the condition based on its findings that the Planning Board's imposition of the condition was, inter alia, arbitrary and capricious, unsupported by the evidence, and not directly related to and incidental to the petitioner's application.

"A local planning board has broad discretion in reaching its determination on applications . . . and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (*Matter of Kearney v Kita*, 62 AD3d 1000, 1001 [2009]; *see Matter of Davies Farm, LLC, v Planning Bd. of Town of Clarkstown*, 54 AD3d 757 [2008]). "When reviewing the determinations of a local planning board, courts consider substantial evidence only to determine whether the record contains sufficient evidence to support the rationality of the Board's determination" (*Matter of Kearney v Kita*, 62 AD3d at 1001 [internal quotation marks omitted]).

Contrary to the Planning Board's contention, the record lacked sufficient evidence to support the rationality of its determination (*see Matter of Richter v Delmond*, 33 AD3d 1008, 1010 [2006]; *Matter of Marte v Town of Greenburgh*, 13 AD3d 630 [2004]; *Matter of Hudson Canyon Constr. v Town of Cortlandt*, 289 AD2d 576 [2001]).

In light of the foregoing, we need not reach the Planning Board's remaining contentions. Skelos, J.P., Angiolillo, Leventhal and Roman, JJ., concur.