■ In the Matter of FAIRWAY MANOR, INC., Appellant, v TULLIO BERTINELLI, Commissioner of the Department of Planning, Environment and Land Management of the Town of Brookhaven, et al., Respondents. [916 NYS2d 630]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Brookhaven, dated June 1, 2009, which, after a hearing, approved a site plan submitted by Ol Blue Point, LLC, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Sweeney, J.), entered February 3, 2010, which, upon an order of the same court dated November 9, 2009, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

In 2005, Ol Blue Point, LLC (hereinafter Ol Blue Point), the owner of a parcel of property on the south side of the Sunrise Highway service road in Blue Point, Town of Brookhaven, applied for a zoning change in connection with its plan to redevelop the property into a senior retirement community, the Vineyards at Blue Point. The parcel was formerly used for a multiplex cinema. The hearing on Blue Point's zoning change application revealed that the New York State Department of Transportation (hereinafter the NYSDOT) had imposed a restriction requiring that future access roads on the site be located near the western edge of the parcel because of traffic safety concerns that had arisen when the ramps from Sunrise Highway to the service road were reconstructed. The Town Board of the Town of Brookhaven (hereinafter the Town Board) approved the zoning change but, in light of the NYSDOT's actions, placed a restriction on the property concerning the location of future access roads. After the zoning was changed, Ol Blue Point submitted a site plan application to the Brookhaven Division of Planning (hereinafter the Division of Planning). Following various communications with the Division of Planning, the NYSDOT, and other state and county agencies, Ol Blue Point's proposal was revised so that the existing access road was removed and a new access road was placed near the western edge of the property. A public hearing was held before the Planning Board of the Town of Brookhaven (hereinafter the Planning Board). Ol Blue Point's neighbor immediately to the west, the petitioner, Fairway Manor, Inc. (hereinafter Fairway Manor), the owner of another senior residential community, opposed the site plan on the ground that the planned access road would now be too close to its own driveway. Fairway Manor rejected a suggestion that the two retirement communities share an access road. Upon considering Ol Blue Point's site plan application, the Planning Board considered, among other things, the concerns of Fairway Manor and its residents, and the covenants and restrictions imposed by the Town Board and the NYSDOT, and it ultimately approved the application, with the access road situated near the western edge of the property. Fairway Manor commenced this proceeding, asserting, inter alia, that the Planning Board's approval of the site plan was arbitrary and capricious, unreasonable, and "not in keeping with the competent evidence before the Board." The Supreme Court determined that the Planning Board's action was not arbitrary and capricious and had a rational basis, and thus, denied the petition and dismissed the proceeding. Fairway Manor appeals.

A local planning board has broad discretion in deciding ap-

plications for site-plan approvals, and judicial review is limited to determining whether the board's action was illegal, arbitrary, or an abuse of discretion (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of In-Towne Shopping Ctrs., Co. v Planning Bd. of the Town of Brookhaven*, 73 AD3d 925, 926 [2010]; *Matter of Kearney v Kita*, 62 AD3d 1000, 1001 [2009]; *Matter of Davies Farm, LLC, v Planning Bd. of Town of Clarkstown*, 54 AD3d 757, 758 [2008]). "The planning board's determination should be sustained upon judicial review if it was not illegal, has a rational basis, and is not arbitrary and capricious" (*Matter of Kearney v Kita*, 62 AD3d at 1001 [internal quotation marks omitted]; *see Matter of Gallo v Rosell*, 52 AD3d 514, 515 [2008]).

Upon our review of the Supreme Court's determination, we agree that the Planning Board's approval of the site plan had a rational basis, was not illegal, and was not arbitrary and capricious (*see Matter of Kearney v Kita*, 62 AD3d at 1001). In evaluating the proposed site access road, the Planning Board considered the need to mitigate the dangerous traffic condition posed by the nearby highway exit ramp, the limited access point options in light of the covenants and restrictions imposed by the Town Board and the NYSDOT, and the expert opinion of the Town of Brookhaven Director of Planning. Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.

Fairway Manor's remaining contentions are without merit. Skelos, J.P., Covello, Balkin and Austin, JJ., concur.