■ In the Matter of DARSHAN S. BAGGA, Appellant, v ANGELO STANCO, as Chairman of the Planning Advisory Board of the Town of Oyster Bay, et al., Respondents. [934 NYS2d 493]—

On May 19, 2005, the Planning Advisory Board of the Town of Oyster Bay (hereinafter the Planning Board) approved the petitioner's site plan application for the construction of a 14,727-square-foot, two-story retail building fronting New York State Route 107 in Hicksville. As originally approved, the first floor of the building was to be divided into retail units, and the second floor was to be used for storage. In 2008 the petitioner sought approval of a modified site plan which would allow the second floor of the proposed building to be used for 11 residential apartments rather than for storage. The property is located in a Neighborhood Business District, which permits residential apartments to be located above retail space. A consulting engineering company retained by the Planning Board to review the modified site plan application found that the addition of 11 apartments would add 60 vehicular trips during peak traffic hours, or one more vehicular trip than the previously approved site plan. The consulting engineers also noted that the modified site plan would provide 73 off-street parking spaces, a number which exceeds the requirement of 67 off-street parking spaces under the Town Code of the Town of Oyster Bay, and that there would be two access driveways with adequate sight distance.

On December 4, 2008, the Nassau County Planning Commis-

sion approved the petitioner's modified site plan, concluding that it conformed with its objective of promoting mixed use commercial/residential development along arterial roadways, and that approval of the project might encourage redevelopment of other marginal properties along this segment of New York State Route 107. However, following two public hearings, at which a number of community residents opposed the petitioner's application for modified site plan approval on the ground that apartments located over retail stores would attract undesirable tenants, the Planning Board denied the application. In denying the application, the Planning Board cited concern over access to the premises, the propensity for excessive traffic congestion, and lack of parking. The petitioner thereafter commenced this CPLR article 78 proceeding seeking review of the Planning Board's determination. The Supreme Court denied the petition and dismissed the proceeding, concluding, inter alia, that there was a rational basis for the Planning Board's determination because some of the residents who testified at the public hearings expressed concerns over increased traffic and the difficulty of ingress to and egress from a heavily traveled local thoroughfare. The petitioner appeals. We reverse.

A local planning board has broad discretion in deciding applications for site plan approval, and judicial review is limited to determining whether the board's action was illegal, arbitrary, or an abuse of discretion (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Valentine v McLaughlin*, 87 AD3d 1155 [2011]; *Matter of Fairway Manor, Inc. v Bertinelli*, 81 AD3d 821, 822-823 [2011]). The planning board's determination must be upheld on judicial review if it was not illegal, has a rational basis, and is not arbitrary and capricious (*see Matter of Fairway Manor, Inc. v Bertinelli*, 81 AD3d at 823; *Matter of Kearney v Kita*, 62 AD3d 1000, 1001 [2009]). "When reviewing the determinations of a local planning board, courts consider substantial evidence only to determine whether the record contains sufficient evidence to support the rationality of the Board's determination" (*Matter of Kearney v Kita*, 62 AD3d at 1001 [internal quotation marks omitted]; *see Matter of In-Towne Shopping Ctrs., Co. v Planning Bd. of the Town of Brookhaven*, 73 AD3d 925, 926 [2010]).

Here, the record lacks sufficient evidence to support the rationality of the Planning Board's determination. To the contrary, the record contradicts the community's concerns over traffic congestion, access to the property, and parking which were cited by the Planning Board as grounds for denying the petitioner's modified site plan application (*see Matter of SCI Fu-*

*neral Servs. of N.Y. v Planning Bd. of Town of Babylon,* 277 AD2d 319, 320 [2000]; *Bongiorno v Planning Bd. of Inc. Vil. of Bellport,* 143 AD2d 967, 968 [1988]; *Matter of Eastern N.Y. Props. v Cavaliere,* 142 AD2d 644, 646 [1988]; *Syracuse Bros. v Darcy,* 127 AD2d 588, 589 [1987]). Moreover, the petitioner's modified site plan application fully complies with the requirements of the Town Code of the Town of Oyster Bay, and is a permitted use within the zoning district in which the property is situated. Under these circumstances, the Planning Board's determination was improperly based upon generalized community opposition (*see Matter of Bower Assoc. v Planning Bd. of Town of Pleasant Val.,* 289 AD2d 575 [2001]; *Matter of Hudson Canyon Constr. v Town of Cortlandt,* 262 AD2d 484, 485 [1999]; *Bongiorno v Planning Bd. of Inc. Vil. of Bellport,* 143 AD2d at 968; *see also Matter of Richter v Delmond,* 33 AD3d 1008, 1009 [2006]). Accordingly, the Supreme Court should have granted the petition and annulled the Planning Board's determination. Skelos, J.P., Balkin, Eng and Sgroi, JJ., concur.