In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a resolution of the Southold Town Planning Board dated July 12, 2010, which conditionally granted final plat approval for a two-lot subdivision, and action for a judgment declaring that the relevant provisions of chapter 117 of the Code of the Town of Southold, as applied, are illegal, contrary to public policy, and void, the respondents/defendants, Southold Town Planning Board and Southold Town Board, appeal from a judgment of the Supreme Court, Suffolk County (Asher, J.), dated September 13, 2011, which, upon a decision of the same court dated June 30, 2011, granted the petition to the extent of annulling so much of the resolution as conditioned final plat approval on either proof of compliance with chapter 117 of the Code of the Town of Southold, referable to the *931 transfer of sanitary-flow-credit development rights, or approval by the Suffolk County Department of Health Services for the two-lot subdivision that is not dependent on a transfer of a sanitary flow credit.
Ordered that the judgment is affirmed, with costs.
The petitioner/plaintiff, Nickart Realty Corp. (hereinafter Nickart), is the owner of a parcel of real property in the Town of Southold in Suffolk County. In 1996, Nickart began the process of seeking approval for a plan to subdivide the parcel into two lots and build a single-family dwelling on each. Since each resultant lot would be less than 20,000 square feet in area, a zoning variance was necessary. In 1997, Nickart obtained that variance from the Southold Town Zoning Board of Appeals. Then, in 2006, while Nickart was still in the process of seeking approval for its plan, the Suffolk County Department of Health Services (hereinafter the SCDHS) granted a variance from the Suffolk County Sanitary Code so as to permit Nickart to install a private on-site sewage system (see Suffolk County Sanitary Code § 760-605 [D]). This variance was based, in part, on the transfer, from another parcel of real property to the Nickart parcel, of a type of development right known as a “sanitary flow credit.” After Nickart obtained the variance from the Suffolk County Sanitary Code, the Southold Town Planning Board (hereinafter the Planning Board) granted Niekart’s request for a negative declaration for its subdivision under the State Environmental Quality Review Act (Environmental Conservation Law § 8-0101 et seq.; 6 NYCRR 617.7), upon concluding that the proposed subdivision was not likely to have a significant impact on the environment and, thus, was not likely to require the preparation and circulation of an environmental impact statement. In March 2009, the SCDHS approved the proposed subdivision. After a preliminary public hearing, the Planning Board, in April 2010, granted conditional preliminary approval of the subdivision plan, which expressly referenced the SCDHS’s grant of the variance from the Suffolk County Sanitary Code, which had been based, in part, on the transfer of sanitary flow credits. In June 2010, Nickart’s application for final plat approval was deemed substantially complete by the Planning Board. On July 12, 2010, however, the Planning Board adopted a resolution granting a “conditional” final plat approval, requiring, for the first time, that Nickart submit proof of either its compliance with chapter 117 of the Code of the Town of Southold, which places strict limits on transfers of sanitary flow credits, or of an approval from the SCDHS that was not dependent on a transfer of sanitary flow credits. The *932 Planning Board reasoned, among other things, that chapter 117 of the Code of the Town of Southold authorized transfers of sanitary flow credits only in connection with “affordable housing” plans (Code of the Town of Southold former § 117-4), and that the SCDHS, whose approval of the Nickart plan was based on the transfer of sanitary flow credits, could not override these limitations by approving transfers of sanitary flow credits for other purposes.
Nickart thereafter commenced this hybrid proceeding pursuant to CPLR article 78 and action for a declaratory judgment challenging the resolution insofar as it imposed the new condition. The Supreme Court concluded, inter alia, that the Planning Board’s determination was arbitrary and capricious, and entered judgment in favor of Nickart.
Although the Planning Board’s approval of the preliminary plat in April 2010 did not guarantee approval of the final version (see Town Law § 276 [4]), a planning board may not, in the absence of significant new information, deny final approval if a property owner implements the modifications or conditions required by a preliminary approval (see Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven, 78 NY2d 608, 612 [1991]; Matter of Sun Beach Real Estate Dev. Corp. v Anderson, 98 AD2d 367, 373 [1983]; Terry Rice, Practice Commentaries, McKinney’s Cons Laws of NY, Book 61, Town Law § 276 [Preliminary Review]). Here, the Planning Board had long known that the SCDHS’s approval of a Suffolk County Sanitary Code variance was based on the transfer of sanitary flow credits and, indeed, the Planning Board specifically referenced that transfer in its April 2010 conditional preliminary approval. Inasmuch as no significant new information came to light after the Planning Board gave its approval to the preliminary plat, its imposition of additional requirements in the conditional final approval was, as the Supreme Court correctly held, arbitrary and capricious (see Matter of Bagga v Stanco, 90 AD3d 919, 920-921 [2011]; Matter of Kaywood Props., Ltd. v Forte, 69 AD3d 628, 630 [2010]; Joseph v Planning Bd. of Town of Yorktown, 140 AD2d 670, 671 [1988]; cf. Matter of Davies Farm, LLC, v Planning Bd. of Town of Clarkstown, 54 AD3d 757, 758-759 [2008]).
In light of our determination, it is unnecessary to address the parties’ remaining contentions. Skelos, J.P, Balkin, Austin and Sgroi, JJ., concur.