■ In the Matter of JEFFREY SLONIM, Appellant, v TOWN OF EAST HAMPTON ZONING BOARD OF APPEALS et al., Respondents. [988 NYS2d 890]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of East Hampton Zoning Board of Appeals dated December 23, 2011, which, after a hearing, affirmed a determination of the respondent Thomas M. Preiato, senior building inspector of the Town of East Hampton, dated August 21, 2009, that retail use was preexisting on the subject property, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Asher, J.), entered December 28, 2012, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs to the respondents S & A Petroleum Group, Inc., and Ali Yuzbasioglu.

In a CPLR article 78 proceeding to review a determination of a Zoning Board of Appeals (hereinafter the Zoning Board), which was made after a quasi-administrative proceeding, judicial review is limited to considering only whether the Zoning Board's discretionary determination was arbitrary, capricious, an abuse of discretion, or irrational (*see* CPLR 7803 [3]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, West-chester County*, 34 NY2d 222, 230-231 [1974]; *Matter of Rossney v Zoning Bd. of Appeals of the Inc. Vil. of Ossining*, 79 AD3d 894, 895 [2010]). Thus, the Zoning Board determination at issue in this proceeding may be set aside only if the Zoning Board acted illegally, arbitrarily, abused its discretion, or succumbed to generalized community opposition, and must be sustained if the determination has a rational basis (*see* CPLR 7803 [3]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 613; *Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d at 230-231; *Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d 62, 67 [2009]). To the extent the phrase "substantial evidence" arises in cases involving challenges to Zoning Board determinations made after a quasi-administrative proceeding, in this context that standard is limited to examining "whether the record contains sufficient evidence to support the rationality of the determination" (*Matter of Sasso v Osgood*, 86 NY2d 374, 385 n 2 [1995] [internal quotation marks omitted]; *see Matter of DiPaolo v Zoning Bd. of Appeals of Town/Vil. of Harrison*, 62 AD3d 792 [2009]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 772 [2005]).

The Zoning Board's determination denying the appeal of the petitioner, which challenged the conclusion of the senior building inspector of the Town of East Hampton, that retail use was pre-existing on the subject property, was not arbitrary, capricious, an abuse of discretion, or irrational. Accordingly, we affirm the judgment denying the petition and dismissing the CPLR article 78 proceeding. Rivera, J.P., Hall, Sgroi and Maltese, JJ., concur.