■ In the Matter of GORDON OSTOJIC, Appellant, v JOHN GEE et al., Respondents. [14 NYS3d 117]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Smithtown, dated May 2, 2012, which, after a hearing, denied the petitioner's application, inter alia, to subdivide certain real property, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Molia, J.), entered July 24, 2013, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner is the owner of a 2.52-acre parcel of real property located in Northport, which is currently improved with a one-story framed dwelling (hereinafter the property). The property presently has ingress and egress via a covenanted right-

of-way over a neighbor's driveway to Meadow Glen Road. The property also has frontage facing Berryhill Drive, which ends in a cul-de-sac approximately 200 to 250 feet short of the petitioner's property line.

The petitioner applied to the respondent Planning Board of the Town of Smithtown (hereinafter the Planning Board) to subdivide the property into two parcels. The petitioner's proposed plan called for, among other things, the construction of a second dwelling on the subdivided parcel, and the construction of a driveway from the property to the Berryhill Drive cul-de-sac, which would provide access from the existing dwelling and the proposed second dwelling to Berryhill Drive, so as to replace the need for the existing right-of-way.

The petitioner's application was the subject of five public hearings before the Planning Board. In a resolution adopted on May 2, 2012, the Planning Board denied the petitioner's application based on its findings that: (1) there is a practical and feasible alternative design that will be less destructive of the environment; (2) there is a practical and feasible alternative design that would permit the owners of an adjacent parcel to also subdivide their parcel; and (3) the alternative design noted in points 1 and 2 is consistent with the design objectives of the subdivision regulations that recommend designs that minimize regrading, that are consistent with having a minimum impact on the environment, and that are useful for future development. The petitioner thereafter commenced this CPLR article 78 proceeding to review the Planning Board's determination, asserting that the Planning Board's denial of his application was conclusory, not in keeping with the facts or testimony, and not based on any competent evidence in the record.

A local planning board has broad discretion in deciding applications for subdivision approval (see *Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Fairway Manor, Inc. v Bertinelli*, 81 AD3d 821, 822-823 [2011]; *Matter of In-Towne Shopping Ctrs., Co. v Planning Bd. of the Town of Brookhaven*, 73 AD3d 925, 926 [2010]; *Matter of Kearney v Kita*, 62 AD3d 1000, 1001 [2009]; *Matter of Davies Farm, LLC v Planning Bd. of Town of Clarkstown*, 54 AD3d 757, 758 [2008]). The court will substitute its judgment for that of a planning board only when "the determination was affected by an error of law, or was arbitrary and capricious or an abuse of discretion, or was irrational" (*Matter of Greencove Assoc., LLC v Town Bd. of the Town of N. Hempstead*, 87 AD3d 1066, 1067 [2011] [internal quotation marks omitted]; see CPLR 7803 [3]; *Matter of Jacoby Real Prop., LLC v Malcarne*, 96 AD3d 747 [2012]). When

reviewing a planning board's determination, "courts consider substantial evidence only to determine whether the record contains sufficient evidence to support the rationality of the Board's determination" (*Matter of Kearney v Kita*, 62 AD3d at 1001 [internal quotation marks omitted]; *see Matter of Sasso v Osgood*, 86 NY2d 374, 384 n 2 [1995]; *Matter of Slonim v Town of E. Hampton Zoning Bd. of Appeals*, 119 AD3d 699, 700 [2014]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 769-770 [2005]).

We agree with the Supreme Court's determination that the Planning Board's denial of the petitioner's application had a rational basis, was not illegal, and was not arbitrary and capricious (*see Matter of Ifrah v Utschig*, 98 NY2d at 308; *Matter of Fairway Manor, Inc. v Bertinelli*, 81 AD3d at 822-823; *cf. Matter of In-Towne Shopping Ctrs., Co. v Planning Bd. of the Town of Brookhaven*, 73 AD3d at 926). In evaluating the petitioner's application, the Planning Board considered, among other things, the opinion of the Town's Engineering Department, the expert opinion and extensive testimony of the Town of Smithtown Director of Planning (hereinafter the planning director), and the numerous documents submitted by the petitioner's architect. While the petitioner points to his architect's testimony refuting that of the planning director with respect to, among other things, the amount of regrading that would be required and the degree of disruption that would be caused by the proposed driveway to Berryhill Drive, it was the duty of the Planning Board, the members of which visited the site twice, and were in a better position than the court to assess the accuracy and credibility of the experts' conflicting representations, to weigh the evidence and to exercise its discretion in approving or denying approval of the petitioner's application (*see Matter of Currier v Planning Bd. of Town of Huntington*, 74 AD2d 872, 872 [1980], *affd* 52 NY2d 722 [1980]; *see also Matter of Eckels v Murdock*, 265 NY 545 [1934]; *Matter of MLB, LLC v Schmidt*, 50 AD3d 1433, 1436 [2008]; *Matter of Razzano v Planning Bd. of Town of N. Elba*, 223 AD2d 815, 816 [1996]; *Matter of Green v Planning Bd. of Town of New Castle*, 220 AD2d 415, 416 [1995]).

Contrary to the petitioner's contention, there is no rule of law that entitles him, as a matter of right, to build a driveway or road over the land between the Berryhill Drive cul-de-sac and his property (*cf. Matter of BBJ Assoc., LLC v Zoning Bd. of Appeals of Town of Kent*, 65 AD3d 154, 162-163 [2009]). Nor is there merit to his contention that the Planning Board's determination was based on generalized community opposition (*see*

*Matter of Dries v Town Bd. of Town of Riverhead*, 305 AD2d 596, 597 [2003]). Skelos, J.P., Hall, Roman and Duffy, JJ., concur.