■ In the Matter of RAMAPO PINNACLE PROPERTIES, LLC, Appellant, v VILLAGE OF AIRMONT PLANNING BOARD, Respondent. [45 NYS3d 105]—

In a proceeding pursuant to CPLR article 78 to review two determinations of the Planning Board of the Village of Airmont dated April 24, 2014, and May 8, 2014, respectively, which, after a hearing, denied the petitioner's application for approval of its amended site plan and, upon reconsideration, denied so much of the application as sought access to its property from an abutting public roadway, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Berliner, J.), dated October 24, 2014, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determinations of the Planning Board of the Village of Airmont dated April 24, 2014, and May 8, 2014, are annulled, and the matter is remitted to the Planning Board of the Village of Airmont for further proceedings in accordance herewith.

The petitioner owns a medical office building in the Village of Airmont, which has one means of ingress and egress on the south side of the premises. It sought approval of an amended site plan to add additional parking spaces, improve drainage, and add another means of ingress and egress on the north side of the premises via DeBaun Avenue. The Planning Board of the Village of Airmont (hereinafter the Board) adopted a negative

declaration pursuant to the State Environmental Quality Review Act (hereinafter SEQRA), in which it expressly found, inter alia, that "[n]o additional traffic will be generated as a result of the Proposed Action," the "new curb cut has the potential to reduce traffic volume at the intersection of Route 59 and Airmont Road," and "[t]raffic calming, in the form of two raised speed bumps, have been proposed within the parking area to discourage outside traffic from cutting through the parking lot."

At a hearing held by the Board on the petitioner's application, numerous community members, including the Mayor and two Village Trustees, opposed the access to DeBaun Avenue, citing traffic and safety concerns. The petitioner agreed at the hearing to a request by the Board to amend its site plan to provide for a one-way, entrance-only access via DeBaun Avenue. Nevertheless, on April 24, 2014, the Board denied the petitioner's application for approval of its amended site plan. On May 8, 2014, upon reconsideration of the application, the Board approved the petitioner's amended site plan, but the access to DeBaun Avenue was eliminated from the plan.

The petitioner commenced this proceeding pursuant to CPLR article 78 to review the April 24, 2014, determination or, alternatively, to review so much of the May 8, 2014, determination as eliminated the access to DeBaun Avenue. The Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.

A local planning board has broad discretion in reaching its determination on applications such as the petitioner's, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (see Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]; Matter of Davies Farm, LLC v Planning Bd. of Town of Clarkstown, 54 AD3d 757, 758 [2008]; Matter of Gallo v Rosell, 52 AD3d 514, 515 [2008]; Matter of Halperin v City of New Rochelle, 24 AD3d 768 [2005]). A planning board's determination "should be sustained upon judicial review if it was not illegal, has a rational basis, and is not arbitrary and capricious" (Matter of Gallo v Rosell, 52 AD3d at 515; see Matter of Sasso v Osgood, 86 NY2d 374, 384 [1995]; Matter of Kearney v Kita, 62 AD3d 1000, 1001 [2009]; Matter of Rivero v Voelker, 38 AD3d 784, 785 [2007]; Matter of Halperin v City of New Rochelle, 24 AD3d at 772).

"Although scientific or other expert testimony is not required in every case to support a zoning board's determination, the board may not base its decision on generalized community

objections" (*Matter of Ifrah v Utschig*, 98 NY2d at 308). In contrast, a zoning board's reliance upon specific, detailed testimony of neighbors based on personal knowledge does not render a variance determination the product of generalized and conclusory community opposition (*see Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d 62, 76 [2009]; *Matter of Millennium Custom Homes, Inc. v Young*, 58 AD3d 740 [2009]; *Matter of Fagan v Colson*, 49 AD3d 877, 878 [2008]).

Here, we agree with the petitioner that the record lacks sufficient evidence to support the rationality of the Board's determinations denying the petitioner's application for site plan approval, as amended on consent of the petitioner to provide for a one-way, entrance-only access via DeBaun Avenue. The only evidence in the record concerning the traffic and safety issues cited by the Board in the determinations was the conclusory opposition of neighboring residents, which was not supported by any of the Village's consultants and was contradicted by the negative SEQRA declaration adopted by the Board (*see Matter of Pagnozzi v Planning Bd. of Vil. of Piermont*, 292 AD2d 613 [2002]; *Matter of SCI Funeral Servs. of N.Y. v Planning Bd. of Town of Babylon*, 277 AD2d 319, 320 [2000]). Under the circumstances, the Board's determinations were improperly based on generalized community opposition and should have been annulled (*see Matter of Bagga v Stanco*, 90 AD3d 919, 921 [2011]; *Matter of Necker Pottick, Fox Run Woods Bldrs. Corp. v Duncan*, 251 AD2d 333, 335 [1998]).

Accordingly, we remit the matter to the Board for the approval of the petitioner's amended site plan, with the condition, consented to by the petitioner, that it will provide an amended site plan with a one-way, entrance-only access via DeBaun Avenue. Rivera, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.