Matter of Nicolai v McLaughlin (2018 NY Slip Op 05046)





Matter of Nicolai v McLaughlin


2018 NY Slip Op 05046


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
CHERYL E. CHAMBERS
ANGELA G. IANNACCI, JJ.


2016-11749
 (Index No. 2055/16)

[*1]In the Matter of Francis A. Nicolai, respondent,
v
Michael H. McLaughlin, et al., appellants.


Harris Beach PLLC, White Plains, NY (Darius P. Chafizadeh and Christopher H. Feldman of counsel), for appellants.
Francis A. Nicolai, White Plains, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Mount Pleasant dated April 18, 2016, which denied the petitioner's application for a wetland control permit and site plan approval, the Chairman and individual members of the Planning Board of the Town of Mount Pleasant and the Planning Board of the Town of Mount Pleasant appeal from a judgment of the Supreme Court, Westchester County (Anne E. Minihan, J.), entered October 7, 2016. The judgment granted the petition, annulled the determination, and directed the appellants to grant the petitioner's application.
ORDERED that the judgment is affirmed, with costs.
The petitioner applied to the Planning Board of the Town of Mount Pleasant (hereinafter the Planning Board) for a wetland control permit and site plan approval. The petitioner sought to construct a one-family dwelling and ancillary improvements in an area where such construction is prohibited under the Town Code of the Town of Mount Pleasant (hereinafter the Town Code) absent the Planning Board's approval. The Planning Board denied the application by determination dated April 18, 2016. The petitioner thereafter commenced this CPLR article 78 proceeding to review that determination. By judgment entered October 7, 2016, the Supreme Court, Westchester County, granted the petition, annulled the determination, and directed the Planning Board to grant the petitioner's application.
As an initial matter, the question of whether the petitioner failed to exhaust his administrative remedies is properly before this Court (see CPLR 7804[f]). Nevertheless, and contrary to the Planning Board's arguments, the Supreme Court properly determined that the petitioner exhausted the administrative remedies available to him before commencing this proceeding (see Town Code § 111-7; see also Town Code § 111-13; L 2012, ch 60, pt D, § 36).
Turning to the merits, " [a] local planning board has broad discretion in reaching its determination on applications . . . and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion'" (Matter of In-Towne Shopping Ctrs., Co. v Planning Bd. of the Town of Brookhaven, 73 AD3d 925, 926, quoting Matter of Kearney v Kita, 62 AD3d 1000, 1001; see Matter of Ostojic v Gee, 130 AD3d 927, 928; Matter of Kaywood [*2]Props., Ltd. v Forte, 69 AD3d 628, 629-630; Matter of Davies Farm, LLC v Planning Bd. of Town of Clarkstown, 54 AD3d 757, 758-759). " A decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious'" (Matter of Amdurer v Village of New Hempstead Zoning Bd. of Appeals, 146 AD3d 878, 879, quoting Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 516-517). Where an agency reaches contrary results on substantially similar facts, it must provide an explanation (see Matter of Amdurer v Village of New Hempstead Zoning Bd. of Appeals, 146 AD3d at 879; Matter of Campo Grandchildren Trust v Colson, 39 AD3d 746, 746-747). "An agency's failure to provide a valid and rational explanation for its departure from its prior precedent mandates reversal' regardless of whether the record otherwise supports the determination" (Matter of Corona Realty Holdings, LLC v Town of N. Hempstead, 32 AD3d 393, 395, quoting Matter of Al Turi Landfill v New York State Dept. of Envtl. Conservation, 289 AD2d 231, 233, affd 98 NY2d 758).
Here, the Planning Board failed to set forth any factual basis in the determination as to why it was departing from numerous prior determinations that, for example, permitted larger encroachments into wetland and wetland buffer areas and permitted encroachments of the same or similar type into those areas within the immediate vicinity of the petitioner's lot. The Planning Board's belated effort to provide such distinctions are not properly before this Court (see Matter of Coffey v D'Elia, 61 NY2d 645, 647-648; Matter of Mobil Oil Corp. v Village of Mamaroneck Bd. of Appeals, 293 AD2d 679, 681; Syracuse Bros. v Darcy, 127 AD2d 588, 589; see also Town of Huntington v Beechwood Carmen Bldg. Corp., 82 AD3d 1203, 1207). Accordingly, we agree with the Supreme Court that the determination was arbitrary and capricious (see Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d at 516).
We need not reach the parties' remaining contentions in light of the foregoing (see Matter of Corona Realty Holdings, LLC v Town of N. Hempstead, 32 AD3d at 395).
RIVERA, J.P., LEVENTHAL, CHAMBERS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court