Matter of Fildon, LLC v Planning Bd. of the Inc. Vil. of Hempstead (2018 NY Slip Op 05591)





Matter of Fildon, LLC v Planning Bd. of the Inc. Vil. of Hempstead


2018 NY Slip Op 05591


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-07067
 (Index No. 1121/16)

[*1]In the Matter of Fildon, LLC, et al., appellants,
v
Planning Board of the Incorporated Village of Hempstead, et al., respondents.


White, Cirrito & Nally, LLP, Hempstead, NY (Christopher M. Lynch of counsel), for appellants.
Debra Urbano-DiSalvo, Village Attorney, Hempstead, NY (Keisha N. Marshall of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Incorporated Village of Hempstead. The determination denied an application for site plan approval.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioners own two contiguous parcels of property in the industrial zone in the Incorporated Village of Hempstead, which they currently use for storage of construction material and equipment. The petitioners submitted an application to the Village's Planning Board (hereinafter the Planning Board) for site plan approval of a "green waste and construction debris transfer station." After a public hearing, the Planning Board denied the petitioners' application due to concerns about traffic and congestion. The petitioners commenced this proceeding pursuant to CPLR article 78 to review the determination. The Supreme Court transferred this proceeding to this Court pursuant to CPLR 7804(g).
Initially, the Supreme Court should not have transferred this proceeding to this Court pursuant to CPLR 7804(g) because the determination to be reviewed was "not made after a trial-type hearing held pursuant to direction of law at which evidence was taken" (Matter of M & V 99 Franklin Realty Corp. v Weiss, 124 AD3d 783, 784; see CPLR 7803[4]; Village Law § 7-725-a[11]; Matter of Navaretta v Town of Oyster Bay, 72 AD3d 823, 824; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 769). Municipal land use agencies are "quasi-legislative, quasi-administrative bodies," and "the public hearings they conduct are informational in nature and [do] not involve the receipt of sworn testimony or taking of evidence within the meaning of CPLR 7803(4)" (Matter of Halperin v City of New Rochelle, 24 AD3d at 770 [internal quotation marks and citations omitted]). "Accordingly, determinations of such agencies are reviewed under the arbitrary and capricious' standard of CPLR 7803(3), and not the substantial evidence' standard of CPLR 7803(4)" (id.; see Matter of M & V 99 Franklin Realty Corp. v Weiss, 124 AD3d at 784). In the interest of judicial economy, this Court will nevertheless decide the petition on the merits, as the full administrative record is before this Court (see Matter of M & V 99 Franklin Realty Corp. v Weiss, 124 AD3d at 784; [*2]Matter of Halperin v City of New Rochelle, 24 AD3d at 772-773).
" A local planning board has broad discretion in reaching its determination on applications . . . and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion'" (Matter of In-Towne Shopping Ctrs., Co. v Planning Bd. of the Town of Brookhaven, 73 AD3d 925, 926, quoting Matter of Kearney v Kita, 62 AD3d 1000, 1001; see Matter of Ostojic v Gee, 130 AD3d 927, 928; Matter of Kaywood Props., Ltd. v Forte, 69 AD3d 628; Matter of Davies Farm, LLC v Planning Bd. of Town of Clarkstown, 54 AD3d 757). " When reviewing the determinations of a local planning board, courts consider substantial evidence only to determine whether the record contains sufficient evidence to support the rationality of the [b]oard's determination'" (Matter of In-Towne Shopping Ctrs., Co. v Planning Bd. of the Town of Brookhaven, 73 AD3d at 926, quoting Matter of Kearney v Kita, 62 AD3d at 1001 [internal quotation marks omitted]).
Contrary to the petitioners' contentions, the Planning Board's determination had a rational basis, was not illegal, and was not arbitrary and capricious (see Matter of Ostojic v Gee, 130 AD3d at 929; Matter of Fairway Manor, Inc. v Bertinelli, 81 AD3d 821, 823).
The petitioners' remaining contentions are without merit.
MASTRO, J.P., DILLON, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court